BROWN, P. J.
The defendant, in the year 1894, was a warehouseman, owning and occupying a storage warehouse on Atlantic avenue, in the city of Brooklyn, wherein the plaintiff had stored a large quantity of household goods and furniture. In the month of April, 1894, a fire occurred in the basement of the warehouse, which caused no injury to the plaintiff’s goods, but necessitated considerable repairs to the building. One Martin Peterson entered into a contract with the defendant to do certain carpenter work, which consisted of the removal of burned timbers and beams, and replacing them with new ones furnished by the defendant. During the progress of this work the building collapsed. Afterwards the ruins were taken down, and the goods stored in the building were removed. Those belonging to the plaintiff were restored to him, some uninjured, but many in a damaged condition. This action was brought to recover the loss thus sustained, and upon *556 the trial the plaintiff had a verdict of $700. We are of the opinion that the question of the defendant’s negligence was, upon the-testimony, one of fact, and that the case was in all respects one-for the jury. The learned trial judge, however, charged the jury as follows:
“The burden is on the defendant, who has concededly failed to-return these goods, or a portion of them, to satisfy you by a fair preponderance of evdence that he acted in regard to these goods, or dealt with them, as a prudent man would deal with his own property. The goods having been deposited with the defendant, and he having failed to return some of them, the burden is upon the defendant to satisfy you by a fair preponderance of evidence that he dealt with these goods as a prudent man would deal with, his own. If he has satisfied you of that contention, that is the end of the case, and your verdict should be for the defendant.”
To this charge the defendant took.an exceptiou, and requested the court to charge that the burden of proof was on the plaintiff to prove that the defendant lost the goods through his neglect. To-this the court replied, “I decline so to charge,” to which refusal and charge the defendant again took exception. We are of opinion that this ruling was erroneous, and that the court should have charged as requested. The general rule is that the burden of proof remains where “the issue made by the pleadings places it. Heilman v. Lazarus, 90 N. Y. 672. A failure upon the part of a bailee to deliver to a bailor his property on demand raises a presumption of liability, but this presumption is prima facie only, and may be overcome by evidence; and, when it appears that the loss was caused by some accident, the onus continues upon the bailor to prove that such accident was caused by the want of care upon the part of the bailee. Claflin v. Meyer, 75 N. Y. 260; Draper v. Canal Co., 118 id. 118; 27 S. R 931; Stewart v. Stone, 127 N. Y. 500; 40 S. R 314.
The complaint in this action alleged that the plaintiff’s goods were lost through the negligence and. improper conduct of the defendant. This allegation was denied by the answer, and, upon the issue thus made, the burden of proof was upon the plaintiff. He made out a prima facie case when he proved that the defendant had failed to deliver his goods to him upon demand; but, when it appeared that their loss was due to the collapse of the warehouse while the contractor was engaged in repairing the injury caused by the fire, the burden was on the plaintiff to show that that result was due to the negligence of the defendant. There is in such a case as this no shifting of the burden of proof. The warehouseman, in the absence of bad faith, is liable only for negligence. The fact is the basis of the plaintiff’s cause of action, and the burden of proving it rests upon him throughout the trial. He may make out a prima facie case of liability by showing a failure on the defendant’s part to deliver the goods on demand; but, when that refusal is sustained by testimony, upon the whole case the burden rests upon the plaintiff to establish the defendant’s negligence by a preponderance of evidence. The cases cited by the respondent do not conflict with this rule, but hold simply that *557 proof of a failure to deliver the goods on demand raises a presumption of the bailee’s negligence.
For this error in the charge, the judgment must be reversed, and a new trial granted, with costs to abide the event.
All concur.