## KAISER v. LATIMER.

(Supreme Court, Appellate Division, Second Department.　May 2, 1899.)

WAREHOUSEMEN—LOSS OF GOODS—NEGLIGENCE—PRESUMPTIONS.

    The negligence of a warehouseman will be presumed where the goods were destroyed by the collapse, from no external violence, of the building in which he stored them.

Appeal from trial term.

Action by Henry M. Kaiser against Frederick B. Latimer.　There was a judgment for defendant, and plaintiff appeals.　Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

George F. Elliott (Henry M. Dater, on brief), for appellant.

Jesse Johnson (Francis I. Noble, on brief), for respondent.

CULLEN, J.　This action was brought against the defendant, a warehouseman, for the loss or destruction of certain goods stored with him by the plaintiff.　On a previous appeal (9 App. Div. 36, 41 N. Y. Supp. 94) we reversed a judgment obtained by the plaintiff, on the ground that the trial court erred in refusing to charge that the burden was on the plaintiff to prove that the goods were lost through the defendant's neglect.　On the second trial, at the conclusion of the plaintiff's evidence, the complaint was dismissed.　From the judgment entered on that ruling this appeal is taken.

We will assume, for the purposes of the discussion and in accordance with the respondent's claim, that the only evidence of negligence on the part of the defendant was the happening of the accident by which the plaintiff's goods were destroyed.　The question then presented to us is whether the character of the accident raised a presumption of negligence which required the submission of the question to the jury.　Our previous decision did not decide this question.　The only point passed upon was, on which party did the burden of proof rest when the case finally went to the jury?　The fact that we held that that burden rested on the plaintiff did not dispose of the question whether, on the facts, there was a presumption of the defendant's negligence, for a presumption does not change the burden of proof.　Whitlatch v. Casualty Co., 149 N. Y. 45, 43 N. E. 405; Jones v. Railway Co., 18 App. Div. 267, 46 N. Y. Supp. 321.　So far as the opinion deals with the point now before us, it favors the appellant's claim, for Judge Brown then said: "We are of the opinion that the question of the defendant's negligence was, upon the testimony, one of fact, and that the case was in all respects one for the jury."　We concede that, when the bailee has accounted for his failure to return the bailor's property, by showing that it was lost or destroyed through accident or crime, it is necessary for the bailor to prove negligence on the part of the bailee.　Claflin v. Meyer, 75 N. Y. 260.　But, as such negligence may be proved by the circumstances attending the accident, or the loss of the goods, so it may also be proved by the mere accident itself, if the accident is of such a character as to raise a presumption of negligence.　In that case the rule res ipsa loquitur would apply.　Russell Mfg. Co. v.

New Haven Steamboat Co., 50 N. Y. 121; Wintringham v. Hayes, 144 N. Y. 1, 38 N. E. 999. The principle is often broadly asserted that the bailee is not responsible for loss by fire, burglary, or theft. Yet in the Russell Mfg. Co. Case, supra, it was held that the character of the fire which destroyed the property the subject of that suit afforded prima facie proof of negligence. The accident which caused the loss here is of a different character from that of fires or thefts by burglary. Fires are very numerous, especially in cities. So great is their danger and the frequency of their occurrence that in this city a fire department is maintained at the expense of millions a year. Though at times occasioned by negligence, it is in very many cases impossible to discover their origin, and often, when discovered, it appears that the fires were not occasioned by fault or negligence on the part of any one. It is almost equally difficult to guard against thefts and burglaries. But the collapse or fall of a building, from no external violence, nor earthquake or similar cause, is almost invariably the result of negligence, either in the construction of the building or in overloading it. It is so exceptional an occurrence that it is difficult to imagine a case to which the rule res ipsa loquitur would more forcibly apply. Mullen v. St. John, 57 N. Y. 567, the leading authority in this state on the proposition that the nature of the accident may raise a presumption of negligence, was a case in all respects similar to the present one; the only difference being that in that case the collapse of a building killed a passer-by on the highway. The authorities cited by the learned counsel for the respondent are not in point. Jaffe v. Harteau, 56 N. Y. 398, was a case between landlord and tenant, and it was held that the former was not liable to the latter for the defective condition of a boiler on the premises leased, unless he was guilty of fraud. Draper v. Canal Co., 118 N. Y. 118, 23 N. E. 131, was a case of an ordinary fire, destroying the goods of the bailor, and no proof was given tending to show that the fire was occasioned by the defendant's fault. In Cosulich v. Oil Co., 122 N. Y. 118, 25 N. E. 259, there was no contractual relation between the parties, and this case was also one of an ordinary fire. In Dobbins v. Brown, 119 N. Y. 188, 23 N. E. 537, it did not appear whether the accident was caused by the defective character of the machinery or by the falling of stones while the cage was being lowered in the shaft.

The judgment should be reversed, and a new trial granted, costs to abide the event. All concur.