building rendered necessary by adjoining excavations will interfere with that portion of the building occupied by a tenant, the excavator, to comply with the statute, must obtain permission from the tenant as well as from the landlord.   Johnson v. Oppenheim, 55 N. Y. 280; McKenzie v. Hatton, 141 N. Y. 6, 35 N. E. 929; Ketcham v. Cohn, 2 Misc. Rep. 427, 22 N. Y. Supp. 181.   The plaintiff's license was therefore necessary to a lawful entry upon his premises.   He gave permission conditionally.   The defendant was not bound to accept this conditional license.   He did, however, accept it, and in so doing bound himself to comply with the conditions.   The defendant did not commit a trespass because it had a license from plaintiff, and, if the action were only for damages for trespass, it would not lie. The pleadings are oral, and we must accept the statement of the cause of action as returned by the justice.   He states the complaint to have been for "damages to personal property and damages caused by trespass."   This seems to indicate the joinder of two causes of action.   So far as it is an action for damages to personal property, it will lie under the evidence.   The evidence introduced to show that the landlord had given consent was immaterial, as his consent could not affect the tenant's rights.   So, also, was the evidence as to action by the department of buildings.   The judgment must be reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide event.   All concur.

---

(36 Misc. Rep. 555.)

KING v. NEW BRUNSWICK, A. & N. Y STEAMBOAT CO.

(Supreme Court, Appellate Term.   December, 1901.)

1. CARRIER—LIABILITY AS WAREHOUSEMAN.
    Where the wife of the consignee of goods, in charge of his place of business in his absence, is notified by a carrier that the goods for him have arrived, and she requests the carrier to leave them on its local dock, as her husband is not ready for them, the carrier, after a reasonable time in which the husband could remove them, becomes liable as a warehouseman only in case of negligence.

2. SAME—THEFT OF GOODS.
    Where consignee of goods allows them to remain in the carrier's warehouse for three days, and they are stolen, without fault of the carrier, at the end of the period, the consignee cannot recover their value of the carrier.

Appeal from municipal court, borough of Manhattan, Third district.

Action by Hugh King against the New Brunswick, Amboy & New York Steamboat Company.   From a judgment for defendant, plaintiff appeals.   Affirmed.

Argued before McADAM, P. J., and SCOTT and MacLEAN, JJ.

Thomas V. Loughran, for appellant.
Thomas A. Stoddart, for respondent.

SCOTT, J. Plaintiff's assignor was the consignee of a barrel of whisky intrusted to defendant, a common carrier, for transportation from New York to South Amboy, N. J. The goods duly arrived on October 2, 1900, at the company's dock at South Amboy, and were placed in a storeroom on the dock. The plaintiff's assignor, one Lyons, kept a retail liquor store, and resided, with his family, in the same building in which he carries on business. On the evening of October 2d defendant's agent called at Lyons' place of business. He did not see Lyons, but did see his wife, and notified her of the arrival of the whisky. She left the barroom, and shortly returned, telling Davis, the defendant's agent, that the goods were to remain on the dock, as her husband was not ready for them. Lyons did not send or call for the barrel, and on October 6th, without, so far as appears, any fault or negligence on the part of defendant, the whisky was stolen from the storehouse. It appears that Lyons' wife sometimes took his place in the store when he was obliged to be absent. There was a dispute as to whether Davis, the company's agent, did notify her, as he says he did. If the justice believed him, there was evidence enough to sustain the finding that he did so notify her. There is practically no dispute as to the law applicable to the case, except as to the sufficiency of the notice to the wife. The defendant's liability as a common carrier ceased when it had safely transported the goods to the point of destination, had deposited them on the dock, had notified the consignee of their arrival, and he had had a reasonable time, after such notice, to remove them. Thereafter its liability was merely that of a warehouseman, and, in order to sustain a recovery for the loss of the goods, proof of negligence on the part of defendant was necessary. Hedges v. Railroad Co., 49 N. Y. 223; Fenner v. Railroad Co., 44 N. Y. 505, 4 Am. Rep. 709; Tarbell v. Shipping Co., 110 N. Y. 170, 17 N. E. 721, 6 Am. St. Rep. 350. In the latter case it was said:

"But a delivery which will discharge the carrier may be constructive, and not actual. To constitute a constructive delivery, the carrier must, if practicable, give notice to the consignee of the arrival; and when this has been done, and the goods are discharged in the usual and proper place, and reasonable opportunity afforded to the consignee to remove them, the liability of the carrier as such terminates. The duty of the consignee to receive and take the goods is as imperative as the duty of the carrier to deliver. Both obligations are to be reasonably construed, having reference to the circumstances. The stringent liability of the carrier cannot be continued at the option or to suit the convenience of the consignee."

If, then, Lyons, the consignee, was properly notified of the arrival of the goods, and did not remove them within a reasonable time, the defendant was released from its obligation as an insurer of the goods, and cannot be held liable as a warehouseman, because it did not appear that the robbery resulted in any way from its negligence. The plaintiff's assignor allowed the whisky to remain on the dock for three days after his wife had been notified of its arrival. This, under the circumstances, was an unreasonable length of time. Knitting Co. v. Murray, 90 Hun, 554, 558, 36 N. Y. Supp. 26.

It only remains to be considered whether, under the circumstances, the notice given to the wife was sufficient. We think it was. She was in the consignee's place of business, apparently in charge during his absence. The carrier had a right to rely upon her apparent authority to represent her husband in such a matter, and was not bound to seek him out personally. A notice to a clerk or other person in charge of the consignee's place of business fulfills the carrier's duty. The judgment must be affirmed, with costs.

Judgment affirmed, with costs. All concur.