ROGERS v. FARGO.

(Supreme Court, Appellate Term. April 24, 1905.)

1. CARRIERS—CONTRACT—CONSTRUCTION.

Where a contract between an express company and a shipper required the company to deliver the goods to the nearest point to destination, and it had no line running to the destination, its duty was to forward to the nearest point, and then to make a constructive delivery by giving the consignee notice of the arrival of the shipment.

2. SAME—ACTION FOR FAILURE TO DELIVER—CONSTRUCTIVE NOTICE—EVIDENCE.

In an action against a carrier for nondelivery of a shipment within a reasonable time, evidence considered, and held insufficient to show that a constructive delivery was made by giving the consignee notice of the arrival of the goods at the nearest point to destination.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Ratie A. Rogers against James C. Fargo, as President of the American Express Company. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and LEVENTRITT and GREENBAUM, JJ.

L. Harding Rogers, Jr., for appellant.

Carter, Ledyard & Milburn (Charles M. Sheafe, Jr., of counsel), for respondent.

LEVENTRITT, J.　The plaintiff sued for the damages resulting from the nondelivery within a reasonable time of a dress intrusted to the American Express Company.　On July 21, 1904, a package containing the dress was delivered to the express company, marked as follows: "Miss May Rogers, c/o Mr. H. B. Wilson, Island Royal, St. Lawrence River, Jefferson County, N. Y.　From Mrs. Rogers, 14 West 72nd Street."　Island Royal is a private island eight or more miles from Clayton, and one or two miles from Alexandria Bay.　The American Express Company's lines run to both of these points, but there is no local express between either of them and Island Royal.　The plaintiff received a receipt, the material portions of which, for the purposes of this appeal, read as follows: "Received of Rogers, 14 W. 72, mdse. Marked, May Wilson, Island Royal, St. Lawrence River, N. Y., which this Company undertakes to forward to the nearest point to destination reached by it, subject to the following conditions."　Across the fine print underneath this clause was written: "Pd. to Station."　The express company's agent who made out the receipt testified, without objection, that he told the plaintiff when he did so that "Pd. to Station" meant Clayton, and that he placed no other words indicative of destination on the paper.　The package was sent to Clayton, where it remained until September 5th.　The defendant claimed that the usual notice by postal was sent to the consignee, but that the package was not called for.　On September 5th, on instructions from New York, it was forwarded to Alexandria Bay, where it was delivered to Mrs. H. B. Wilson.

On the state of the record, I am of the opinion that judgment should not have gone for the defendant.　Its obligation in this case was substantially that of a common carrier; that is to say, as it had no express line running directly to the destination, its duty would have been performed by forwarding to "the nearest point," and thence making a constructive delivery by giving the consignee notice of its arrival.　Tarbell v. Royal Exchange Shipping Co., 110 N. Y. 170, 17 N. E. 721, 6 Am. St. Rep. 350; King v. New Brunswick Steamboat Co., 36 Misc. Rep. 555, 73 N. Y. Supp. 999.　The "nearest point" in this case was Alexandria Bay.　Conceding that the statements of the New York agent to the plaintiff, coupled with the words "Pd. to Station," written on the receipt, were sufficient to vary the written contract, and make the constructive delivery point Clayton—a proposition by no means free from doubt—it still remained for the defendant to prove the giving of adequate notice.　Conceding again that the local custom to notify by postal was sufficiently established (The G. S. Roth Clothing Co. v. The Marine Steamship Co., 44 Misc. Rep. 237, 88 N. Y. Supp. 987), the proof failed to show that the notice was actually sent.　Receipt of the postal was denied by the consignee.　Much testimony was tak-

en on the question of sending the postal. No notice to produce was served, but, as the objection to the testimony was not clearly made on the ground of its not being the best evidence, the secondary evidence must be examined solely from the standpoint whether it established the mailing. Suitable objection and timely motion to strike out were made on this ground.

The agent of the defendant at Clayton swore that he knew of his own knowledge that a notice "went through the mail," describing its contents; that he recalled this particular notice; and that he mailed it personally. But he testified further that he did not personally address the notice, and that he did not see it after it was addressed. He relies for the fact that he mailed it personally on the practice that he always mailed all notices "in a bunch," and on his "records." These records were made up by a clerk who was not called. The witness testified vaguely to a system of checking these records which was not intelligibly proven. He swore that the method was not one whereby the clerk repeated the addresses, and he checked them. It is apparent that he is testifying merely to a deduction from an entry in a book not made by himself. While testifying: "I would be willing to swear that the postal was mailed from the system. It is an utter impossibility that it should not be mailed"—he admitted that the "particular reason" that he knows the notice was mailed was more from custom than personal knowledge. In view of his admission that he did not write the notice or see it after it was written, his whole testimony is a series of inferences that "it must have been mailed." This is not proof. If no notice was given, the defendant has not performed his contract, and the plaintiff was entitled to recover. The record would have justified a judgment in favor of the plaintiff. There is nothing in the point of negligence, and some damage was proven.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.