## CAMPBELL v. KLEIN.

(Supreme Court, Appellate Term. December 11, 1906.)

1. BAILMENT—LOSS OF GOODS—LIABILITY OF BAILEE—NEGLIGENCE.

A bailee, in the absence of negligence, is not liable for the loss of goods by burglary.

2. SAME—EVIDENCE.

Evidence that the purchaser of a dyeing business left a key to the place of business with the seller does not render her liable to a person who had left goods there which were stolen, where there was no evidence connecting the theft with the key held by the seller.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

101 N.Y.S.—37

Action by Clara Morgan Campbell against Leontine Klein. From a judgment in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

Edward Fillmore, for appellant.

Brown & Boland (Francis H. Boland, of counsel), for respondent.

FITZGERALD, J. Mrs. Meyers, defendant's predecessor in the dyeing business, received from plaintiff, for cleaning, a gown and waist of the alleged value of $300, which Mrs. Meyers sent to have some work done on to the establishment of a Mrs. Serviss, who was to return them to Mrs. Meyers' place, but before the return of the goods defendant, by purchase from Mrs. Meyers, succeeded to her business and had control of the store at 829 Sixth avenue, in which place plaintiff's goods were on the night of March 29th. On that night the store was burglarized, since which time plaintiff's goods have not been seen.

There is ample proof to warrant the finding that defendant voluntarily assumed the bailment and custody of plaintiff's gown and waist, and that they were in her control as bailee on the night of the burglary, and that they were stolen. Under these circumstances, if defendant were an insurer she would have to answer, but it is well settled that bailees are not insurers. Story on Bailment, §§ 25, 32; Millon v. Salisbury, 13 Johns. 211. Bailees are answerable only when by negligence the bailed articles are lost. In Claflin v. Meyer, 75 N. Y. 260, 31 Am. Rep. 467, the rule is well stated:

"The plaintiff must in all cases suing him for the loss of goods allege negligence and prove negligence. This burden is never shifted from him. If he prove the demand upon the warehouseman and his refusal to deliver, these facts unexplained are treated by the court as prima facie evidence of negligence; but if, either in the course of his proof or that of the defendant, it appears that the goods have been lost by theft, the evidence must show that the loss arose from the negligence of the warehouseman."

This rule was followed in Kaiser v. Latimer, 9 App. Div. 36, 41 N. Y. Supp. 94; Stewart v. Stone, 127 N. Y. 500, 28 N. E. 595, 14 L. R. A. 215; King v. New Brunswick S. S. Co., 36 Misc. 555, 73 N. Y. Supp. 999.

The obligation placed by the law upon a bailee only requires the exercise of ordinary diligence. Ouderkirk v. Central Nat. Bank, 119 N. Y. 263, 23 N. E. 875; Hoffman v. Coughlin, 26 Misc. 24, 55 N. Y. Supp. 600. Defendant's employé closed and locked the place on the night of the burglary, and the outer doors and windows appeared not to have been disturbed on the morning after. That some one had entered during the night was manifest from the removal of a quantity of goods. The access of the thief must have been by means of a key, and the only element of negligence in the case arises from the fact that Mrs. Meyers, who was the owner of the store up to the preceding day, retained a key to the premises with defendant's knowledge. Conceding that the defendant was negligent in this respect, there is no evidence connecting the key Mrs. Meyers had with the key used by the thieves, there was no proof that Mrs. Meyers lost or mislaid it, or from which an inference might reasonably be drawn that in any way

opportunity was afforded for its falling into improper hands. Duplicate keys are often easily obtainable by criminals. To hold that the particular key held by Mrs. Meyers was necessarily connected with the crime which produced plaintiff's loss would be to hold upon theory something there is no evidence to support, and without such holding defendant's act, even if a negligent one in a general sense, was not material.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.