RUDOLPH PATRISKA, Respondent, v. ANDREW KRONK,
Appellant.

(County Court, Montgomery County, January, 1908.)

Justices of the peace — Appeal and error — Review — Questions of
    fact, etc.— Sufficiency of evidence to support verdicts and findings.
Bailment — Evidence and presumptions — Burden of proof.

> Where, in an action in Justice's Court to recover a loan, the
> evidence of defendant was, in effect, that plaintiff wished de-
> fendant to keep a certain sum of money; that plaintiff handed
> him the money which he gave to his wife to put away and she
> put it in a bedtick in her room; that, several days after, she
> gave the plaintiff a portion of the money and the next day the
> balance was stolen, together with money of the defendant; and
> where the evidence of the plaintiff as to what was said and done
> when he gave the defendant the money, if believed, justified a
> verdict for the plaintiff upon the theory that the transaction
> constituted a loan; a verdict in favor of plaintiff, sustainable
> either upon the theory of a loan or that the transaction con-
> stituted a bailment and that the defendant was guilty of negli-
> gence and, therefore, liable, should be affirmed.

> If the transaction constituted a bailment, defendant was a
> gratuitous bailee and liable only to the plaintiff in case the loss
> of the money was because of gross negligence on the part of the
> defendant; but the burden of showing the circumstances of the
> loss was upon the defendant and, in the absence of evidence
> showing the exercise of due care by him, according to the nature
> of the bailment, he is liable for the breach of his contract to return
> the money; and evidence that a boarder in his house disappeared
> about the same time as the money in question is insufficient to
> sustain the burden of proof.

APPEAL from a judgment of a Justice's Court in favor
of plaintiff.

Christopher J. Heffernan, for appellant.

George C. Stewart, for respondent.

MOORE, J.   This is an appeal by the defendant from a
judgment for seventy dollars and costs, rendered against him
in favor of plaintiff, upon the verdict of a jury.

It would appear from the return that the evidence of the plaintiff, if not that of all of the witnesses, was taken through the intervention of an interpreter.

The action was brought for money alleged to have been loaned by plaintiff to defendant.    The answer was a general denial.

Plaintiff testified that he went to board with defendant; that he had eighty dollars, and asked defendant where there was a bank to put the money in; that defendant said, " Let me have it and I will pay you back when you want it; " that he let the defendant have it; that, on the following Monday, he asked the defendant's wife for ten dollars of his money and she got it for him; that he did not know where they kept the money; that, when he asked the defendant for the balance (seventy dollars), defendant said that some one had stolen it with other money (one hundred dollars) of defendant.

This was substantially all of the evidence introduced by plaintiff.

Defendant's motion for nonsuit and for dismissal of complaint was denied.

Defendant claimed and introduced evidence to the effect that plaintiff wished defendant to keep the money for him; that defendant did not wish to do so, but, after suggesting that the plaintiff put it in the bank, said that his wife would keep the money for him; that plaintiff handed the money to the defendant and defendant gave it to his wife to put away; that his wife took the money and put it in a bedtick in her room.    On the following Monday she gave plaintiff $10 of the money, and on the next day the balance was stolen, together with $100 of defendant's money.

The contention of the plaintiff is that the transaction was a loan by the plaintiff to the defendant.

The contention of the defendant is that the defendant was simply a custodian of the plaintiff's money, a gratuitous bailee, and that there was no such negligence on his part as would render him liable to the plaintiff for the loss of the money.

The jury found in favor of the plaintiff; whether on the theory that the plaintiff loaned the money to the defendant, or on the theory that the transaction constituted a bailment and that the defendant was guilty of the degree of negligence which would render him liable, it is not possible to say. If the judgment rendered upon the verdict can be sustained upon either theory it should be affirmed.

The evidence of the plaintiff as to what was said and done when he gave the defendant the money, if believed by the jury, justified their verdict upon the theory that the transaction constituted a loan. The fact that the plaintiff afterwards referred to the money as " my money " need not necessarily be considered as an admission on his part that he considered the transaction a bailment and not a loan.

If the transaction constituted a bailment, the defendant was a gratuitous bailee and, upon loss of the money, would be liable to restore the amount to the plaintiff only in case of gross negligence upon his part.

It necessarily follows, from the nature of the obligation and the refusal to return the property, that the burden of showing the circumstances of the loss rests upon the bailee; and unless the evidence shows the exercise of due care by him according to the nature of the bailment, he will be held responsible for the breach of his contract to return the property bailed. Ouderkirk v. C. M. Bank, 119 N. Y. 263, 267; Isham v. Post, 141 id. 100, 106.

The defendant undertakes to overcome this burden by showing that a boarder in his house disappeared about this time; that the money in question and $100 of his own money were gone; and then he invokes the principle that, having shown that the money was lost through crime, it becomes necessary for the plaintiff to prove gross negligence on the part of the bailee. Kaiser v. Latimer, 40 App. Div. 149; Claflin v. Meyer, 75 N. Y. 260.

The facts in relation to the loss of this money, as recited by the defendant and his wife, are not very complete or satisfactory. Perhaps the jury did not believe them to be true. But, even assuming that they gave full credence to this testi-

mony, the question as to whether the defendant was guilty of that degree of negligence which would render him liable was one for the jury; and, they having found against the defendant, it cannot be said, in view of all the circumstances, that they were not warranted in doing so. The jury may have found that it was grossly negligent to keep the money in a bedtick under the circumstances; and the fact that, as defendant claimed, other money belonging to him was stolen at the same time, is not conclusive against the allegation of gross negligence. Pattison v. Syracuse Nat. Bank, 80 N. Y. 99.

The judgment should be affirmed, with costs to the respondent.

Judgment affirmed, with costs.