MALONEY v. MERCHANTS' BANK OF VANDERVOORT.

Opinion delivered January 19, 1920.

1. APPEAL AND ERROR—CONCLUSIVENESS OF VERDICT.—Where the evidence in a case was such that reasonable minds might find for either party, the jury's verdict will not be set aside for insufficiency of evidence.

2. BANKS AND BANKING—BURDEN OF PROVING NEGLIGENCE.—In an action against a bank as gratuitous bailee of securities for their loss by burglary, an instruction that if they were deposited for safe-keeping and the bank on demand failed to return them, the burden was on it to show that it had made some disposition of them authorized by plaintiff, or that they were lost without its fault, correctly stated the burden of proof; but it was error to instruct that the burden was on the plaintiff of proving that the bank had not exercised common prudence in caring for the bonds.

3.  BANKS AND BANKING — NEGLIGENCE — INSTRUCTION.—An instruction that a bank that had received bonds for safe-keeping was only bound to care for the bonds the same as it cared for bonds belonging to itself or its officers was incorrect, as the bank might have been grossly negligent in the care of its own property.

4.  BANKS AND BANKING—NEGLIGENCE—EVIDENCE.—Proof that a bank receiving bonds for safe-keeping gave them the same care as it gave to bonds belonging to it or to its officers was competent to rebut the presumption of gross negligence arising from the loss of the bonds by burglary.

Appeal from Polk Circuit Court; *James S. Steel,* Judge; reversed.

*Lake & Lake,* for appellant.

1.  The undisputed facts of this case show gross negligence, and the verdict is therefore contrary to the law. · 137 U. S. 604; 39 Am. St. Rep. 172.

2. . Instruction No. 3 is not a correct statement of the law. · 5 Cyc. 187.

3.  Instruction No. 5 does not state the law correctly, because it makes the sole standard to measure the degree of care required of the bank, the same care given to bonds or other valuable papers belonging to the bank or its officers. It ignores the proposition that the bailee might have been negligent in keeping its own property. 6 C. J. 1161.

3.  Instruction No. 14 is abstract, as there was no evidence to support it. 117 Ark. 593; 88 *Id.* 454; 63 *Id.* 177; 70 *Id.* 441; 74 *Id.* 19; 78 *Id.* 177; 80 *Id.* 260.

4.  The court erred in rejecting competent testimony. 80 Ark. 587; 52 *Id.* 273; 34 *Id.* 480; 136 *Id.* 16; 1 Rice on Ev., 333; 62 Ark. 510; 108 *Id.* 387; 70 *Id.* 423; 91 *Id.* 427; 17 Cyc. 212.

*Prickett & Pipkin,* for appellee.

No negligence whatever was proved on the part of the bank. The burden was on the bailor. 68 Ark. 284, and negligence was a question for the jury. 23 *Id.* 61. The question was submitted to a jury, and their verdict is conclusive. The evidence fails to show any negligence

whatever on part of appellee. None of the objections to the evidence or instructions were called to the attention of the court. Only general objections were made, and no proper exceptions saved.

SMITH, J. The testimony in this case is substantially identical with that in the case of *Merchants' Bank of Vandervoort* v. *Affholter,* 140 Ark. 480, as the litigation in both cases arose out of the same burglary, except that in the former case there was, in addition to the question of negligence, the further question of agency in regard to certain bonds stolen at the same time.

The testimony is summarized as follows: "The bank kept a large iron safe with a combination lock on it, and inside of this safe was a compartment which was burglar-proof and was used for the safe-keeping of money. Liberty bonds of the third and other issues belonging to appellant and other persons, including officials of the bank, were not kept in the burglar-proof compartment but were kept inside the safe. The burglary was discovered the next morning after it occurred, and on examination it was found that the combination lock on the outside of the safe had been chopped off with an ax and that explosive material had been inserted inside the lining of the door which, when exploded, blew off the door or lock and permitted entrance.

The money drawer or compartment was not entered. The testimony on the part of the bank was to the effect that all the bonds, including those which were the property of the bank itself and its officials, were kept in the same manner, and that that was the customary way of keeping bonds. The bank was a gratuitous bailee.

In the former case there was a finding for the plaintiff, the owner of the bonds, and we said the testimony was legally sufficient to support a finding of gross negligence on the part of the bank. In the instant case the finding was in favor of the bank, and as the testimony is not such that all reasonable minds must conclude from

the testimony stated that the bank was grossly negligent, we are, therefore, constrained now to hold the testimony legally sufficient to support that verdict. In other words, as reasonable men might differ upon the testimony stated as to whether there was gross negligence or not, we would not disturb a finding either way because of insufficient evidence to support it.

Without objection the court told the jury that if appellant had deposited five hundred dollars in United States bonds for safe-keeping with the bank, and that thereafter the bank, upon demand made therefor, failed to return them to appellant, the burden is cast upon the bank to show that it made some disposition of them authorized by appellant, or that they were lost without fault on its part. This instruction is a correct declaration on the question of burden of proof; but an instruction numbered 6, given at the bank's request, told the jury that it was sufficient if the bank had exercised such care as common prudence would dictate, and that the burden of proving that it did not exercise such common prudence is upon appellant, who was the plaintiff. The effect of this instruction was to impose the burden of proof upon appellant to show that the bank had not exercised common prudence in losing the bonds, and should not, therefore, have been given.

Over appellant's objection the court gave instruction No. 5, which reads as follows: "You are instructed that the defendant, through its officers or agents as ordinary prudent men, was under no greater obligation in the care of plaintiff's bonds than to care for the same as it cared for bonds or other valuable papers belonging to the bank or its said officers; and unless you find from a preponderance of the evidence that it did not so care for said bonds, then you should find for the defendant."

This instruction is objected to upon the ground that it made the standard of care required of the bank the same care given to bonds or other valuable papers belonging to the bank or its officers, whereas the bank

might have been negligent in keeping its own valuable papers; and, if so, that fact would be no excuse for negligence in keeping valuable papers belonging to others. It is true the instruction does say that if the officers or agents of the bank "as ordinary prudent men" did this, there would be no liability; but we do not agree with learned counsel for the bank that this instruction required a finding that the officers of the bank had acted as ordinarily prudent men. On the contrary, it declares the law to be that as ordinarily prudent men they were under no greater obligation to care for appellant's bonds than they were for their own, and that if they took the same care of appellant's bonds that they took of their own then the bank would not be liable.

This instruction does not correctly declare the law. Proof of this degree of care is, of course, competent to rebut the presumption of gross negligence arising from the loss of the bonds, but it is not conclusive of the fact, as the bank might have been grossly negligent in the care of its own property. A learned discussion of this subject is contained in the charge of Sharswood, J., to the jury in the case of *Erie Bank* v. *Smith, Randolph & Co.,* 3 Brewster (Pa.) 9. See, also, *Griffith* v. *Zipperwick,* 28 Ohio 388; *Patriska* v. *Kronk,* 109 N. Y. Supp. 1092; *Ray* v. *Bank of Kentucky,* 10 Bush 344.

Other assignments of error are discussed, but in none of them is it made to appear that there was error prejudicial to appellant.

For the error indicated the judgment will be reversed, and the cause remanded for a new trial.