ELIZABETH C. REISINGER and Others, Appellants, v. THE PULLMAN COMPANY, Respondent.*

First Department, May 29, 1936.

* See *post*, p. 711.

*Paul D. Compton* of counsel [*Wayne D. Bird* with him on the brief], for the appellants.

*Donald M. Dunn* of counsel [*H. S. Ogden* with him on the brief; *Alexander & Green*, attorneys], for the respondent.

McAvoy, J.   The present complaint, amending and supplementing the original, alleges three causes of action for damages for an alleged breach of contract of bailment of a traveling bag and contents brought by plaintiff Elizabeth C. Reisinger from Stamford, Conn., to Grand Central Terminal, New York, N. Y.   The various causes are based upon the claims of Elizabeth C. Reisinger for loss of her personal property and that of Walter B. Reisinger, her husband, each demanding judgment for the loss of such per-

sonal property contained in her suitcase. In the third cause, the United States Fire Insurance Company of New York demands judgment for $10,900 paid to plaintiffs Reisinger under a policy of insurance covering jewelry contained in the suitcase.

The answer admits that plaintiff was a passenger on the car of defendant, but denies that it assumed custody and control of her suitcase or that she demanded its return at Grand Central Terminal, and defendant failed and refused to return it. No affirmative defenses are alleged.

On November 6, 1931, plaintiff Elizabeth C. Reisinger purchased a ticket from defendant which entitled her to occupy a seat in one of defendant's cars for passage over the lines of the railroads from Stamford, Conn, to Grand Central Terminal in New York city. When plaintiff boarded the train, she had with her certain baggage containing property belonging in part to her and in part to her husband, plaintiff Walter B. Reisinger. Before the train arrived at the One Hundred and Twenty-fifth Street Station, plaintiff claims that the Pullman porter asked her if she was getting off there or at Grand Central Station, and she told him that she was getting off at Grand Central Station. Shortly thereafter the porter took her suitcase forward on the car and placed it in the vestibule, and she never saw it thereafter. When the train arrived at Grand Central Station, she left the car to look for her suitcase and found that it was gone. The defendant's porter was no longer on the platform when she left the car, but she located the porter in the car and asked for her suitcase. She then reported the loss at the Lost and Found Office of the Pullman Company. Neither the suitcase nor any part of the contents has ever been returned to her.

Mrs. Reisinger introduced testimony to establish that the value of the property lost by her was in the sum of $9,323; that the value of the property belonging to her husband was $2,360, and that the plaintiff United States Fire Insurance Company of New York reimbursed her in the sum of $9,000, and Mr. Reisinger in the sum of $1,900 for the jewelry belonging to each of them, which was insured under its policy.

Defendant's porter on duty in the car admitted that he removed the suitcase from alongside Mrs. Reisinger's seat in the car, and stated that he put it on the front platform of the car along with fifty or sixty bags belonging to other passengers. He said that, upon arrival of the train at Grand Central Station, he opened the vestibule door and handed out the bags to " red-cap porters " (admittedly not employees of the Pullman Company), and that they arranged them in a line on the platform at the side of the car.

At the conclusion of the evidence, and after both sides had rested, counsel for defendant moved for dismissal of the complaint, on the ground that the bailment was for a specific purpose, and that all defendant was required to do was to place the suitcase on the station platform and that it was under no obligation to return it to the passenger; that Mrs. Reisinger was guilty of contributory negligence in that she did not keep her suitcase by her side, or her jewelry in her pocketbook or around her person.

The court, on its own motion, directed a verdict for the defendant, holding that when Mrs. Reisinger gave the defendant's porter her suitcase, she " told him to put it on the platform," and that " all the evidence in the case indicates conclusively that there was gross negligence on her part."

We consider that the question of whether the care and custody of the object of the bailment was sufficient was for the jury's finding and that it was error to direct a verdict thereon as a matter of law.

Plaintiff said that she frequently rode in Pullman cars and that she knew the customary practice of Pullman porters in assisting passengers off the cars by taking their baggage to the platform for them, where she had always claimed it and taken it away with her. We do not think that such knowledge gives rise to the inference that plaintiff understood that the porter was to relinquish all custody and control of her property to any one who might come along and walk off with it while it remained on the platform and before she had time to get out of the car. Under similar circumstances, we think the rule of law raises the reasonable inference that the passenger was justified in believing that the Pullman porter would take care of the baggage until such time as she claimed it and again took it into her custody. The platform was merely the place where the property was to be returned. The defendant, as bailee, was under an obligation to return the bailed property. (*Hasbrouck* v. *N. Y. C. & H. R. R. R. Co.*, 202 N. Y. 363.) It must, to escape liability, account for a failure to produce the object of the bailment. We find, too, that the suitcase and its contents were within the class of property for which the defendant may be found liable for loss, and that it was not negligent as matter of law for plaintiff to place the jewelry in the suitcase instead of carrying it in her handbag, as the articles were useful and appropriate to the purpose of her journey in her station of life and might reasonably be carried in the baggage of a passenger.

Plaintiffs produced evidence of facts tending to prove a bailment which required defendant to show that it returned the suitcase, or to explain its disappearance. Defendant failed either to explain the loss or to show that it exercised due care in its custody of plaintiffs' property, while acting as bailee.

The judgment should be reversed and a new trial ordered, with costs to the appellants to abide the event.

MARTIN, P. J., and O'MALLEY, J., concur; TOWNLEY, J., dissents and votes for affirmance.

Judgment reversed and a new trial ordered, with costs to the appellants to abide the event.