ELIZABETH C. REISINGER and WALTER B. REISINGER and the UNITED STATES FIRE INSURANCE COMPANY OF NEW YORK, Appellants, *v.* THE PULLMAN COMPANY, Respondent.

First Department, July 1, 1937.

*Paul D. Compton* of counsel [*Wayne D. Bird* with him on the brief], for the appellants.

*Donald M. Dunn* of counsel [*Herbert S. Ogden* with him on the brief; *Alexander & Green*, attorneys], for the respondent.

COHN, J. At the first trial of this action the trial justice directed a verdict in favor of the defendant at the close of the whole case. Upon appeal to this court the judgment entered on the directed verdict was reversed and a new trial was ordered upon the ground that there were issues of fact which should have been submitted to the jury (*Reisinger* v. *Pullman Co.*, 248 App. Div. 171). This court thereafter granted defendant's motion to resettle the order of reversal so as to specifically order a new trial " upon all questions of fact, including the questions of fact as to bailment, negligence and contributory negligence " (248 App. Div. 711). A second trial ended in a disagreement. Upon this the third trial, resulting in the judgment from which this appeal is taken, the trial justice, as directed by this court, submitted to the jury all questions of fact, including those as to bailment, negligence and contributory negligence.

The evidence at the trial showed that plaintiff, Mrs. Reisinger, had permitted the suit case, which she alone knew contained in excess of $10,000 worth of jewelry, to be taken by the porter of defendant with fifty or sixty other bags belonging to other passengers without apprising the porter of the facts, and that she remained in the car of the train until each of the thirty passengers of the car had debarked and departed with their luggage. Such facts may well have been regarded by the jury as contributory negligence on plaintiff's part sufficient to preclude a recovery for the loss of the bag and its contents.

Again, the jury, upon the evidence, may well have reached the conclusion that defendant's agent was not shown to be negligent in placing plaintiff's bag upon the platform of the station

together with the luggage of others — as plaintiff testified was customarily done — and cautioning the passengers as they left the car to claim the right baggage.

A bailee is not an insurer of the subject of the bailment. Negligence in the care of the goods is the basis of the bailee's liability. " Negligence may indeed be inferred in the first instance from the delivery of the subject of the bailment and the failure to return it. Even so, the inference may be repelled through proof by the bailee that the thing, though not returned, has been lost without his fault (*Claflin* v. *Meyer*, 75 N. Y. 260)." (*Honig* v. *Riley*, 244 N. Y. 105, 110.) In this case the defendant gave a detailed explanation as to what was done with the bailed article: it may be fairly assumed that the jury found that defendant exercised due care and was not negligent.

In a somewhat similar situation the following apposite language was used in the case of *Springer* v. *Pullman Company* (234 Penn. St. 172; 83 A. 98): " To so hold [*i. e.*, that defendant is required to see to it that no passenger takes from the car baggage other than his own] would be to impose on the company the duty of seeing that no passenger left the car with any baggage except his own, which again would be virtually making the carrier an insurer, besides subjecting the passengers to a scrutiny and surveillance which the ordinary traveler would have a right to resent. We cannot think that the ordinary care exacted of the carrier requires any such officious interference as this."

Upon the whole case we are of the opinion that the court fairly submitted to the jury all issues of fact and that the verdict for defendant was in accord with the evidence. The judgment should, accordingly, be affirmed, with costs.

MARTIN, P. J., DORE and CALLAHAN, JJ., concur.

Judgment unanimously affirmed, with costs.