FIRE ASSOCIATION OF PHILADELPHIA and GLENN C. STARK, Plaintiffs, *v.* ANTHONY FABIAN, Defendant.

City Court of Rochester, Civil Branch, December 12, 1938.

*Dwyer, Reilly, Roberts, McLouth & Dicker* [*David Shearer* of counsel], for the plaintiffs.

*Stone & Hoffenberg* [*George Hoffenberg* of counsell], for the defendant.

TOMPKINS, J. The defendant was proprietor of a gasoline station in the rear of which he permitted, for hire, automobile parking. The parking station had an entrance on State street and an exit on Otsego street in the rear. The defendant had one employee on duty all the time while the gas station was open, and two during part of the time. The defendant, himself, was on duty at various times during the day and evening. It was the custom of the patrons to park their cars wherever space permitted, without advising the defendant thereof, and to get them without notifying him or his employees, except when necessary to move a car before they could make their exit. It also was the custom of the patrons when their cars were parked so as to block the removal of other cars, to leave their keys either in the car or upon a keyboard in the office adjacent to the parking yard. There was no employee regularly in attendance in the parking yard, nor was the yard visible from the gasoline pumps in front of the building on State street. The plaintiff, who had parked his car at this station for considerably over a year, was familiar with these facts, except that he denied knowledge of the existence of the keyboard.

On August 18, 1937, when returning from lunch, plaintiff reparked his car just back of a car parked against the south wall of the yard and left his key in the ignition, as he had been accustomed to do. Shortly after four o'clock an employee of the defendant moved the car so as to permit the car parked against the wall to be taken out. When the plaintiff at about six o'clock returned to get his car, it was missing. It has not yet been recovered. He carried theft insurance and was paid by his coplaintiff, the insurer, the sum of $516.73. The two plaintiffs bringing this action against the defendant to recover the value of the stolen car, plead a bailment and allege negligence on the part of the defendant. It is stipulated that the value of the car is $604.20.

Was there a bailment? The patrons of the defendant were not assigned to a designated place. They were permitted to park wherever there was a vacant space, with the express understanding that the defendant might move their cars when necessary. When being moved, the car was in the actual physical possession of the defendant. At such time, he was clearly a bailee. He had a right to exercise this physical dominion at his discretion. It would seem that this right constituted him a bailee generally, rather than a mere lessor with no right of dominion. (*Osborne* v. *Cline*, 263 N. Y. 434, 437.)

The general rules applicable to the duties of a bailee, and his liability to a bailor where the bailment is stolen, are well established A bailee is not an insurer. (*Reisinger* v. *Pullman Co.*, 252 App.

Div. 87, 89; *Campbell* v. *Klein*, 52 Misc. 123.) His failure to return the bailment when rightfully demanded, establishes negligence presumptively. Proof that it was lost without his fault rebuts the presumption. (*Reisinger* v. *Pullman Co.*, 252 App. Div. 87; *Honig* v. *Riley*, 244 N. Y. 105, 110; *Galowitz* v. *Magner*, 208 App. Div. 6, 9.)

The degree of care a bailee is bound to exercise depends upon whether the bailment is gratuitous; that is, for the bailor's benefit without expense to him, or is a bailment for hire for the mutual benefit of bailor and bailee. In the former case the degree of care is "slight;" in the latter case, "reasonable." The bailee is liable in the former case for "gross" negligence; in the latter for "ordinary." Whether these distinctions are enlightening, the courts still recognize them. (*Dalton* v. *Hamilton Hotel Corp.*, 242 N. Y. 481, 489; *First National Bank* v. *Ocean National Bank*, 60 id. 278, 295.)

The burden is on the bailor to prove the bailee's negligence. (*Claflin* v. *Meyer*, 75 N. Y. 260; *Campbell* v. *Klein*, 52 Misc. 123; *Galowitz* v. *Magner*, 208 App. Div. 6, 9.) The negligence of the bailor contributing to the loss of the bailment exonerates the bailee. (*Osborne* v. *Cline*, 263 N. Y. 434, 438; *Wanser* v. *Browning, King & Co.*, 187 id. 87.)

The plaintiff Stark knew the parked cars were left unguarded much of the time. Knowing this, he continued to park there. Continuing to park was assent to limited supervision. This was not the case of a parking station where cars are parked by the proprietor or his employees with tickets given to the owner who must surrender the same to get his car. In such a case, permitting the car to be driven out of the station by a stranger without surrendering the parking ticket, would be negligence. This was not the case here. The plaintiff got his car regularly without giving notice to the defendant.

It is urged that because the defendant's agent Sercu moved the plaintiff's automobile and did not remove the key which he found in the ignition, the defendant was negligent. There is no evidence which indicates that moving the car made easier its theft. That the key was in the ignition made it possible for the thief to drive the car from the premises. Had the defendant's employee put the key into the ignition and then left it there, unquestionably it would have been negligence. By his act he would have made the theft possible. However, he found the key left in the ignition by the owner, and he did not disturb it.

When cars were parked by their operators in places where their position prevented another car parked in front of them against the

wall from being moved out, it was then necessary to leave the key on the premises, accessible to the attendants of the station. Leaving the key was necessary. Being a necessity it was not negligence. Leaving the key in the ignition was a convenience and not a necessity. It could have been left on the keyboard or in some place in the car hidden from view. In the ignition, it was convenient for the next person called upon to move the car. That person might be the attendant or the car's owner.

Plaintiff denied knowledge of the keyboard. He admitted, however, he never inquired if there was a place to leave the key. He knew that much of the time there was but one attendant who was engaged at the gas pumps in front and out of sight of the parking space in the rear of the building. He knew that there was an open exit in the rear on Otsego street. He used this exit in going for his car and leaving the station. The thief could do the same without being seen by the attendant in front. If it would be negligent for an attendant to leave an owner's key in the ignition after moving the car, then it was negligent for the owner to so leave it.

The plaintiffs urge that the doctrine of " the last clear chance " applies, and is determinative of the defendant bailee's liability, for the reason that his employee, by moving the automobile, exercised dominion over it subsequent to the plaintiff Stark's leaving his key in the ignition. This doctrine is stated in *Woloszynowski* v. *New York Central R. R. Co.* (254 N. Y. 206) to apply where the defendant to be charged with liability knows that another is in a state of present peril, in which event he must make a reasonable effort to avert its consequences. In other words, where the imperiled, by his lack of care, has made possible injury to himself, then the defendant, timely warned, must use reasonable efforts to avoid inflicting injury. The doctrine applies to those cases of negligence where the possessor of the " last clear chance " may, himself, by his act inflict the injury to the imperiled. It has no application to the duties of bailors and bailees in respect to the theft of the bailment by a stranger. Here the negligence of the bailor or bailee does not cause the theft or inflict the damage; it merely makes it possible, more easy to perpetrate.

The doctrine is predicated on imminent peril. The peril was no more imminent when the defendant's employee left the key undisturbed after moving the car, than when the plaintiff Stark left the car with the key in the switch. It was the plaintiff's act in leaving the key where it was, a continuing invitation to auto thieves, which made the theft possible. The plaintiff may not call upon the defendant to answer for what he, himself, permitted.

Although it seems incredible that the plaintiff Stark did not know the keyboard existed, yet his lack of such knowledge is not determinative. He may not thus escape liability for doing the very thing which he asserts was negligence if done by the defendant.

The plaintiff Stark was negligent in intentionally leaving the key in the ignition. Defendant's moving the car did not add to his continuing and then existing invitation. Stark's coplaintiff, as assignee, has no greater rights than he.

The complaint must be dismissed upon the merits, as to both plaintiffs.