OPINION OF THE COURT
Margaret Taylor, J.
Plaintiff rented a car from defendant car rental company for the period of May 11, 1979 through May 13, 1979. After returning the car to defendant in the evening of May 13, plaintiff realized that he had forgotten to remove some of his belongings from the trunk of the car. Plaintiff alleges that *827 when he returned to defendant’s office early the next morning, only a pile of his clothes was found on the floor of defendant’s rental station. Although the car had not yet left the station, plaintiffs remaining personalty, which he values at $1,600, was allegedly missing. In this small claims action, plaintiff is suing for $1,000, the jurisdictional maximum. (CCA, § 1801.)
Defendant moves for CPLR 3212 dismissal and for summary judgment on plaintiffs complaint on the grounds that:
(1) defendant was not responsible for the property left in the trunk because no bailment was created between the parties, and
(2) the rental agreement between the parties is a bar to this action.
The court agrees that defendant could not have a bailee’s responsibility thrust upon it without its consent or knowledge, and thus cannot be held presumptively liable for the property in the trunk of the car on a bailment theory of liability. (Hunter Trucking Co. v Glatzer, 285 App Div 314; Stephens v Katz Parking System, 75 Misc 2d 690.) Nevertheless, this fact does not absolve defendant from the statutory duty to take proper steps to restore lost property to the rightful owner. (Personal Property Law, § 252, subd 1.)
Nor does the rental agreement clause which purports to relieve defendant from liability "for loss of or damage to any property left at any time in or on the car * * * or on any of [its] premises * * * regardless of who is at fault” require dismissal. Plaintiff alleges that defendant itself and through its employees was negligent in the handling of his lost belongings after the original bailment relationship (in which plaintiff, not defendant, was bailee) had terminated. The obligation breached was statutory, not contractual. Assuming plaintiffs allegations to be true, as the court must in deciding a pretrial motion to dismiss, defendant, as finder (Personal Property Law, § 251, subd 5) of plaintiffs lost property (Personal Property Law, § 251, subd 3), knowing that it was lost (Personal Property Law, § 252, subd 1), breached its statutory duty to take proper steps to insure the property’s return to the rightful owner. (Personal Property Law, § 252, subd 1.) In this situation, once possession is assumed by the finder, a constructive bailment is implied by law, regardless of the intent of the parties. (See Wentworth v Riggs, 159 App Div 899; Mays v New York, New Haven & Hartford R. R. Co., 197 Misc 1062.)
So strong is our societal public interest in reversing the law *828 of finders-keepers-losers-weepers that willful violation of that statute is punishable as a misdemeanor. (Personal Property Law, § 252, subd 3.) It is, indeed, a form of conversion or theft.
It would contravene public policy to uphold the contract clause in the face of section 252 of the Personal Property Law. The law generally looks with disfavor upon attempts of a party to avoid liability for its own faulty or negligent conduct. (Van Dyke Prods. v Eastman Kodak Co., 12 NY2d 301; Boll v Sharp & Dohme, 281 App Div 568, affd 307 NY 646.) Particularly when the public interest is directly involved, contract clauses seeking to limit liability for negligence will not be upheld. (Conklin v Canadian-Colonial Airways, 266 NY 244; Johnston v Fargo, 184 NY 379; Motors Ins. Corp. v American Garages, 98 Misc 2d 887, affg 94 Misc 2d 338; Hall v Herman Furs, NYLJ, March 17, 1969, p 18, col 4; see, also, 14 NY Jur, Damages, § 155, pp 3, 4.) Inasmuch as the public interest in returning lost property has been codified in New York’s Personal Property Law, this contract cannot protect the defendant from the consequences of its violation of that public interest.
Defendant’s motions are therefore denied. The case should proceed to trial on the merits. Without the presumptions that are available to the bailor of personal property, the court does not foresee that plaintiff’s proof will be a simple matter. Nevertheless, he is entitled to his day in court, and accordingly, this matter is placed on the Small Claims Trial Calendar. Clerk to notify both parties of trial date.