JOSEPH GALOWITZ, Respondent, *v.* JOHN P. MAGNER, Appellant.

Second Department, February 1, 1924.

Bailments — action to recover value of automobile parked in inclosure maintained by defendant and in charge of attendants — statement on back of receipt given for automobile disclaimed liability for loss — fee for parking was paid to defendant — defendant was bailee for hire — complaint is insufficient in not alleging negligence of defendant in theft of automobile — error to instruct jury that theft of automobile cast burden on defendant to show degree of care exercised — question of negligence was presented for jury.

In an action to recover the value of an automobile which was stolen from an inclosure maintained by the defendant for the purpose of parking automobiles, the court should have ruled as a matter of law that the defendant was a bailee

for hire, since it appears that said inclosure was in charge of three attendants whose duty it was to look after and take care of the automobiles left in the inclosure, and that the defendant received a fee from the plaintiff for parking space therein. A printed statement on the back of the ticket or receipt given to the plaintiff in which the defendant disclaimed any liability for loss does not affect his relation toward the plaintiff.

The complaint, however, is insufficient since it contains no allegation that the theft of the automobile was due to the negligence of the defendant in caring for the same, and it was error for the court to charge that the burden was cast on the defendant to show the degree of care exercised by him in protecting the automobile from theft, for the theft raised no presumption of negligence on the part of the defendant.

A question of fact was presented by the proof as to the negligence of the defendant since, while the proof is meagre, it does appear that the inclosure was protected by an eight-foot board fence with an entrance and exit, and that the attendants in charge thereof were required to demand a check for any car taken from the inclosure before permitting it to leave.

APPEAL by the defendant, John P. Magner, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 19th day of June, 1923, upon the verdict of a jury, and also (as stated in the notice of appeal) from an order denying the defendant's motion for a new trial.

*William A. Davidson,* for the appellant

*William S. Coffey,* for the respondent.

YOUNG, J.:

This action was brought to recover the value of a touring car left in a parking space provided by the defendant adjacent to a bathing beach operated by him. The complaint alleges, and the answer admits by not denying, that the car was stolen.

The testimony shows in brief that on or about the 24th day of July, 1921, the plaintiff put his car in the parking space adjacent to Oakland Bathing Beach in the village of Rye, N. Y., paid therefor the sum of fifty cents and received a ticket, one part of which he put in his pocket and the other part he left in the car. Upon the back of the part retained by plaintiff there was printed in fine print the following: " The person accepting this ticket assumes all risk of accident, and expressly agrees that the management shall not be liable, under any circumstances, for any injury to person, loss or damage." To this ticket plaintiff paid no attention except to take it and put it in his pocket.

The car was left in this parking space at about one o'clock in the afternoon, and at about five o'clock on the same afternoon he returned to the parking space and then discovered that the car was gone. Plaintiff thereupon reported the loss to defendant.

Second Department, February, 1924.          [Vol. 208

The parking space is about 200 feet square, inclosed with an eight-foot wooden fence, and had one entrance and one exit, with an attendant on duty at all times. On the day in question, there were three attendants looking after the cars.

At the close of the plaintiff's case and at the close of all the testimony, motions were made to dismiss upon the grounds that there was no allegation or proof of negligence and that the contract was not a bailment, but a mere rental of parking space. Defendant also asked for the direction of a verdict. These motions were denied and exceptions taken.

The learned trial court charged the jury that if they believed the statement of plaintiff that the fine print on the back of the check was not brought directly to his attention, they might find that defendant was a bailee for hire.

He also charged that " the fact that the car was stolen did temporarily call upon the defendant to show what care he exercised." To this defendant excepted.

The jury rendered a verdict for $400, upon which judgment was entered, and defendant appeals.

Appellant contends that there was no bailment, or if there was, no negligence was shown.

I have not been able to find any authority covering such a contract as that presented in this case. I think, however, it was a bailment for hire. It was, in my opinion, of the same nature as checking parcels, and the disclaimer of liability could only become effective if brought to plaintiff's knowledge (*Healy* v. *New York Central & H. R. R. R. Co.*, 153 App. Div. 516); or storing an automobile in a garage. (*Smith* v. *Economical Garage, Inc.*, 107 Misc. Rep. 430.)

Neither the face of the ticket nor the disclaimer of liability printed on the back throws any light on the subject. Its presence on the ticket or stub is quite as consistent with a contract of bailment as with one for mere rental of parking space. It seems to me obvious that plaintiff had the right to believe from the fact that defendant maintained an inclosed space for parking cars with an entrance and exit and attendants that he was paying the parking fee in consideration of care and watchfulness to prevent injury or loss. Otherwise he might almost as well have parked upon the public street and saved the fee. It is equally clear that defendant had a like understanding of his obligation because, as he testified, he maintained this fenced parking space and three attendants " looking after, taking care of the cars as they came in and went out."

These facts being undisputed, the trial court should have charged

that the contract was one of bailment, and should not have submitted that question to the jury, nor made it depend on their belief as to whether or not plaintiff had read or had called to his attention the printed disclaimer of liability. Neither its presence on the ticket nor plaintiff's knowledge thereof determined that question.

But the verdict of the jury which rests on bailment renders this error unimportant.

A more serious question is that of defendant's negligence. The rule of law as to a bailment for hire is that when failure to deliver upon demand is shown, a *prima facie* case of negligence is made out. Defendant may rebut this presumption and excuse such failure by showing that the goods were stolen. The burden is always upon plaintiff to show that the negligence of the defendant contributed to the theft. (*Claflin* v. *Meyer*, 75 N. Y. 260; *Wilson* v. *Christal*, 187 App. Div. 660.)

Testing the pleadings, evidence and charge by this rule, it will be observed that the complaint seems to be defective in that nowhere does it contain any direct allegation of negligence, but seems to be based upon the theory that defendant was an insurer. In other words, it simply alleges the rental of the space, parking of the car therein, duty of defendant to keep the same safely, theft, and failure to return upon demand. Clearly, this complaint is insufficient unless we can infer from the allegation of defendant's duty that the theft occurred through neglect of that duty. In my opinion, no such inference can be drawn. Theft of the car raised no presumption of negligence. On the contrary, under the above rule, it rebutted such presumption arising from defendant's failure to return the car, and it was incumbent on plaintiff to plead and prove defendant's negligence in permitting the theft. The learned trial court, therefore, erred in its charge. It placed the burden upon defendant to satisfy the jury that the theft did not occur through want of due care on his part, whereas the burden was on plaintiff to show the contrary.

The proof in this case is meagre, but is in my opinion sufficient to present a question of fact for the jury. Where a space is inclosed by an eight-foot board fence, for parking cars with an entrance and an exit, a checking system, and three attendants to look after and take care of the cars as they came in and went out, the jury might infer that the theft of plaintiff's car could not have occurred had defendant and his employees properly performed their duty. Indeed, it seems to me that such inference is well nigh irresistible, because some one must have taken out plaintiff's car without presenting a check or ticket therefor, and to permit this was clearly negligent.

Second Department, February, 1924.          [Vol. 208

The judgment and order should, therefore, be reversed upon the law, and a new trial granted, with costs to abide the event. Plaintiff should also amend his complaint so that the issue of defendant's negligence may be properly raised.

KELLY, P. J., RICH, JAYCOX and MANNING, JJ., concur.

Judgment and order reversed upon the law and new trial granted, with costs to abide the event.