CHARLES M. HOGAN, Plaintiff, v. PHILIP G. O'BRIEN, Defendant.

Supreme Court, Rensselaer County, November 11, 1924.

Bailments — action against garage keeper to recover for theft of automobile stored in garage — bailment presumes delivery — bailee not insurer — plaintiff, as "live storage" customer, permitted to put automobile into or take it out of garage at will at any hour of day or night — plaintiff possessed key to garage in common with other patrons — garage keeper neither assumed to watch plaintiff's automobile nor to protect it while in garage — plaintiff accepted all conditions of storage — defendant liable for wanton negligence only — contract not one of bailment — complaint dismissed and verdict set aside.

Bailment is the delivery of something of a personal nature by one party to another to be held according to the purpose or object of the delivery, and to be returned or delivered over when that purpose is accomplished. But a bailee is not an insurer.

Accordingly, plaintiff's action against the defendant, a garage keeper, to recover, on the theory of bailment, for the theft of an automobile stored in defendant's garage, should be dismissed and a verdict for the plaintiff set aside, since the contract was not one of bailment, where it appears that the plaintiff, a "live

storage " customer, was permitted to put his car into or take it out of the garage at will at any hour of the day or night; that he, in common with other patrons, possessed a key to the garage for use at such times as he found it locked; that the garage keeper did not assume to watch the automobile and had no control over it while it was stored in his garage; and that the plaintiff had knowledge of all the conditions under which his car was stored and accepted them without protest.

Moreover, defendant is responsible for wanton negligence only, the absence of which in plaintiff's proof precludes a recovery.

ACTION on the theory of bailment against the defendant, a garage keeper, to recover for the loss of plaintiff's automobile.

*Mackrell & Ranney,* for the plaintiff.

*James F. Brearton,* for the defendant.

HOWARD, J. In bailment there can be no liability on the part of the bailee unless there is negligence. Negligence must be proven. The burden is on the plaintiff to prove it, and the burden never shifts. This is elementary. If the plaintiff proves that he delivered the property to the defendant and afterwards made demand for it and the defendant failed to deliver it back, the courts, in such an instance, have laid down a rule that the plaintiff has made a *prima facie* case and may rest. The defendant is then called upon to explain his failure to deliver. But this doctrine in no manner affects the merits. It is nothing but a rule of evidence. In such a case the law presumes negligence from the failure to redeliver. As soon as any reasonable explanation is given for the failure to redeliver the presumption of negligence disappears and the burden falls again upon the plaintiff to prove the negligence of the defendant. But whatever rule of evidence or order of proof may be adopted, in the last end it must appear that the defendant was guilty of negligence, otherwise the plaintiff cannot recover.

In the case before us the defendant kept a garage. In other words, he occupied a building in which he rented space for the storage of automobiles. Some of the storage was " dead," that is, cars not in use were deposited there, put away sometimes for the season. Other storage was " live," that is, the storage of cars in active daily use. The plaintiff was a " live storage " customer. In the case of live storage the customer could put his car in and take it out daily at will, or at any hour of the day or night. Each customer was given a key and after the garage was locked up at midnight, he could open the door and go in and get his car or take it out. The patrons of the garage all knew this and knew that it was the custom of the establishment. Several patrons were physicians and it was vitally essential in their business for them to have unrestricted access to the garage, otherwise they could not

patronize the place. Indeed, the garage could not have run, and no modern garage can run, on any other basis. The defendant had caused large placards or notices to be posted about the building, and at the entrance, warning customers that he would not be responsible for cars. He charged only eight dollars a month for " live storage."

These are the circumstances. This is a description of the plant. This is the nature and character of the contract before us. Where was the negligence? What did the defendant do that he ought not to have done? What did he fail to do that he should have done? He had no watchman, the plaintiff argues. But the plaintiff knew that. He accepted the conditions and profited by the low rates of storage. Whenever he drove in he saw, or should have seen, the large placards warning him that the defendant refused to be responsible for the loss of cars, yet he made no protest. He accepted the conditions. Was the defendant negligent because he gave out keys? He could not have operated his garage, and no modern garage can be operated, in any other way.

Assuming every fact to be true that the plaintiff contends for, was the defendant negligent as a matter of law? This question the court must answer. The answer, it seems to me, must be in the negative. A bailee is never an insurer. Negligence must be gauged by the circumstances of the case, and by the nature of the business. The defendant had no thought of protecting expensive cars against larceny; he could not do it, could not hire watchmen to guard the cars and also furnish storage for eight dollars a month. He expressly refused to do so. He contracted merely to shelter the cars, not to guard or insure them. The law of bailment, like all laws which sprang up in ancient times, must bend to modern conditions. It must be flexible enough to permit trade and traffic and commerce to move. It must yield to present-day inventions and adjust itself to the march of civilization.

But one other thought presses itself upon me. Was this contract bailment at all? The suit proceeded all the way through on the theory of bailment, but the facts of the case do not seem to me to fit the definition of bailment. Bouvier defines bailment as "A delivery of something of a personal nature by one party to another, to be held according to the purpose or object of the delivery, and to be returned or delivered over when that purpose is accomplished." The word " bailment " comes from the French word *bailler*, which means to deliver. But one cannot deliver unless there is someone to deliver to. In the case before us the customer can come in at any hour, even after the garage is locked at midnight when nobody is there, and leave his car in the space allotted to him. Is that

bailment? Is that the delivery of goods by one person to another? The circumstances of this case, the nature of the contract, seem more analogous to the renting of stalls in a market. In such an instance the landlord rents only space. That is all the defendant did here. For eight dollars a month he gave the customer permission to bring his car in from the street and stand it in his building. He gave it shelter from the elements. In winter, perhaps, he gave it heat. But he had no control over it and did not watch it or assume to guard or protect it. Surely he did not insure it. He did nothing more or different than the owner of the market does who rents out the stall. The contract does not look like bailment to me. Of course, if it is not bailment, the defendant is only responsible for wanton negligence.

All these observations lead me to conclude that a nonsuit should have been granted and that the verdict be set aside.

Ordered accordingly. ———————