RALPH H. CLYNNE, Respondent, v. SCHARF BROS. & SONS, INC., Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Rich, Manning, Young and Kapper, JJ., concur.

RALPH DEMARTINO, Appellant, v. NEWS SYNDICATE COMPANY, INC., Respondent.— Order setting aside verdict and granting a new trial unanimously affirmed, with costs to abide the event. We conclude that it was error to admit testimony appearing at folios 141 and 402 of the record, concerning the gravity of the alleged libel as affecting plaintiff's relatives. (See *Bishop* v. *New York Times Co.*, 233 N. Y. 446.) Under the circumstances it is unnecessary for us to pass upon the question of the alleged excessive verdict. Present — Kelly, P. J., Manning, Kelby, Young and Kapper, JJ.

AMELIA R. FOULKE, Appellant, v. NEPTUNE REALTY COMPANY and Another, Respondents.— Order reversed upon the law, with ten dollars costs and disbursements, and motion for leave to serve proposed amended complaint granted, without costs. The causes of action are not inconsistent. A single injury is alleged to have occurred by reason of the wrongful conduct of the defendants. This injury is to plaintiff's property, and it is alleged in the proposed amended complaint to be due (1) to the maintenance of a common-law nuisance; (2) to the violation of the municipal ordinance,* and (3) to the violation of the restrictive covenants. Sufficient proof that any one of these three alleged causes occasioned injury to plaintiff's property will suffice to support her right of action, and she is entitled to allege them in one complaint. (See *Payne* v. *N. Y., S. & W. R. R. Co.*, 201 N. Y. 436; *Lamming* v. *Galusha*, 135 id. 239.) Kelly, P. J., Jaycox, Manning, Kelby and Kapper, JJ., concur.

JOSEPH GALOWITZ, Appellant, v. JOHN P. MAGNER, Respondent.— While the decision at Special Term undoubtedly applied the general rule in granting an amendment to the complaint, we think the facts in the present case are exceptional, and that the rule should not be applied. The judgment was not reversed in this court because of any deficiency in the complaint. The point was not raised by the appellant upon the appeal. It was pointed out by the court as desirable before a new trial [208 App. Div. 6.] Under these circumstances, we think defendant should not be allowed costs to date as imposed by the order appealed from. The order is, therefore, modified by imposing thirty dollars costs as a condition for allowing the amendment, and as so modified affirmed, without costs. Kelly, P. J., Manning, Kelby, Young and Kapper, JJ., concur.