FRED B. OSBORN, Respondent, *v.* ARTHUR E. CLINE, Appellant.

(Submitted January 12, 1934; decided February 27, 1934.)

*T. Arthur Hendricks* for appellant. The trial judge erred in his charge to the jury in holding as a matter of law that the relation of bailor and bailee existed. (*Van Wagoner* v. *Buckley*, 148 App. Div. 808; *Cowen* v. *Pressprich*, 202 App. Div. 796; *Thompson* v. *Mobile Light & R. Co.*, 211 Ala. 525; *Lord* v. *Oklahoma State Fair Assn.*, 95 Okla. 294; *Hogan* v. *O'Brien*, 123 Misc. Rep. 865; 212 App. Div. 193.) The trial judge erred in charging that the question of the negligence of plaintiff's wife was to be given no consideration. (*Schneps* v. *Sturm*, 25 Misc. Rep. 168; *Trowbridge* v. *Schrovin*, 5 Daly, 11; *Wall* v. *Gillin Printing Co.*, 21 Misc. Rep. 649; *Wamser* v. *Browning, King & Co.*, 187 N. Y. 87; *Pattison* v. *Hammerstein*, 17 Misc. Rep. 375.)

*John M. Reynolds* for respondent. The relation between the plaintiff and defendant was that of bailor and bailee. Upon the evidence the question was one of law and the charge presents no error. (*Galowitz* v. *Magner*, 208 App. Div. 6; *Smith* v. *Economical Garage, Inc.*, 107 Misc. Rep. 430; *Wilson* v. *Wyckoff*, 133 App. Div. 92; 200 N. Y. 561.) There was no error in the action of the trial judge in charging that the question of contributory negligence was not before the court. (*Lax* v. *Union Ry. Co.*, 142 Misc. Rep. 545; *Fischer* v. *International Ry. Co.*, 112 Misc. Rep. 212; *Swartout* v. *Van Auken*, 132 Misc. Rep. 89; *Van Blaricom* v. *Dodgson*, 220 N. Y. 111.)

CRANE, J. Arthur E. Cline, the defendant, operated in Franklin street, Watertown, a gas and service station and in connection therewith an open air parking ground for automobiles. There was an entrance and an exit on each side of a small building which was approximately in the center of the front of the lot and the space used for

parking was in the rear of the building. In connection with the service station the defendant operated a taxi service and a store. The yard was fifty feet wide and one hundred and fifty feet deep. The usual fee charged by the defendant for parking by the day was twenty-five cents. The men operating the gas tank were also charged with the duty of looking after the cars. In various places on the walls inclosing the yard were printed signs reading, " We are not responsible for loss or damage." There was no system of checking, so that people coming for their cars took them and drove away. There were means of access to the yard from other points than the main front entrance. All the men at the station had other duties than that of looking after the cars. The defendant had instructed his employees to always tell persons who parked their cars to lock them.

Fred B. Osborn, a resident of the village of Adams, owned a Nash coupe automobile. His wife drove it. On June 25, 1929, she with her sister, Nancy Filson, drove into Watertown about two o'clock in the afternoon and parked in the defendant's yard. An employee named Bushnell told her where to put it. Mrs. Osborn says that she asked Bushnell if it was necessary to lock the car and that he said no, it was perfectly safe, that there were men around all the time who would watch it. This Bushnell denied, saying that he told her that it was necessary, that it was up to her, and referred her to the sign on the wall. Anyhow, she did not lock it and left the key in the switch. The sign, Mrs. Osborn states, she did not notice. When she came back at three o'clock the car was gone — stolen. Later the car was found in a ditch badly damaged. This action was commenced to recover the cost of the repairs on the ground that the defendant was negligent as a bailee. The defendant insisted that he was not a bailee, that he simply rented out space for parking and that any loss was due to the negligence of the plaintiff's wife in failing to lock the car and take the key with her.

The trial judge charged the jury as a matter of law that Mrs. Osborn was a bailor and the defendant a bailee, so that the latter was bound to exercise that degree of care and prudence which a reasonably careful man would take for the safety of his own property. He also refused to permit the jury to consider the question of Mrs. Osborn's contributory negligence.

In both these particulars the judge was in error.

A person who parks his car in the street of course takes the risk of leaving it unattended. So likewise when it is left in adjoining lots or vacant places. Common knowledge informs us that there are many spots in every city and village where open spaces are used for parking at a very small fee, frequently with only a boy or man in charge to collect the fee. This is better than parking on a busy street. Circumstances vary and instances are graded all the way up to the housed garage where cars may be left at more expense. Whether a person simply hires a place to put his car or whether he has turned its possession over to the care and custody of another depends on the place, the conditions, and the nature of the transaction. (*Galowitz* v. *Magner*, 208 App. Div. 6.) We are of the opinion that the jury should have passed upon this question in this case and that the judge could not decide it for himself as a matter of law.

One of the essential elements of a bailment is that the property be taken into the possession of the bailee. (*Van Wagoner* v. *Buckley*, 148 App. Div. 808; *Cowen* v. *Pressprich*, 202 App. Div. 796.) If the jury believed the defendant and his witnesses the car never left Mrs. Osborn's possession. She was told to lock it, and shown the sign indicating that the defendant assumed no responsibility. This sign might not relieve the defendant for his negligence if he were in fact a bailee, but it was a circumstance to be considered as bearing upon the question whether for a fee of twenty-five cents the defendant merely permitted auto drivers to use his ground. Any

house or lot owner may permit for a fee another to put his car on the premises without becoming a bailee or assuming any responsibility for its safety. It all depends upon the facts. (See *Thompson* v. *Mobile Light & R. R. Co.*, 211 Ala. 525; *Lord* v. *Oklahoma State Fair Assn.*, 95 Okla. 294; *Hogan* v. *O'Brien*, 123 Misc. Rep. 865; affd., 212 App. Div. 193.)

Assuming, however, that a bailment were established as a matter of fact, the general rule is that the negligence of the bailor contributing to the loss will exonerate the bailee. (*Wamser* v. *Browning, King & Co.*, 187 N. Y. 87.) Mr. Osborn would be charged with the negligence of his chauffeur had he left the car with the defendant. Why not the wife? If she left the car unlocked, failing to take the key with her after being told to do so, negligence would not be far to find. The plaintiff avoided this question on the trial by assuming that the wife was his (Mr. Osborn's) bailee and that, therefore, her negligence could not be attributed to him. The law is that a bailor of property is not liable for the contributory negligence of the bailee if his property is damaged by reason of the joint fault of the bailee and a third person, unless there be some element of principal and agent or master and servant involved in the relationship. (*Van Blaricom* v. *Dodgson*, 220 N. Y. 111; *Bowen* v. *N. Y. C. & H. R. R. R. Co.*, 202 Mass. 263; 6 C. J. 1168.)

We are of the opinion that Mrs. Osborn was her husband's agent on this occasion or at least the question should have been submitted to the jury and not determined by the judge.

The judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial granted, with costs to appellant to abide the event.

POUND, Ch. J., LEHMAN, O'BRIEN, HUBBS and CROUCH, JJ., concur; KELLOGG, J., not voting.

Judgments reversed, etc.