Van Voorhis, J.
Defendant appeals from a determination of the Appellate Term, unanimously affirming a judgment entered in the City Court of the City of New York, upon the verdict of a jury, for $1,000. Plaintiff, a book publisher, sued defendant, printer of illustrations, for the loss of electroplates delivered by plaintiff to defendant in 1944, which were used by defendant in printing illustrations in color for a book by Compton Mackenzie entitled “ Mr. Roosevelt ”. Appellant printed the illustrations which it delivered to the printer of the book, The American Book-Stratford Press. When plaintiff first inquired for these plates • after they had been left with defendant for three years, defendant stated that they could not be found. No explanation of their disappearance was given, although defendant claims to have used due care in keeping them.
The action was presented to the jury on the theory that appellant became a bailee for hire for some period of time after completion of the printing of these illustrations, but later may have become a gratuitous bailee in view of respondent’s failure to call for the plates. Instructions were given respecting the different degrees of care required to be exercised by bailees in those relationships, and it was left to the jury to decide whether defendant had become a gratuitous bailee under business custom, if such custom did not conflict with this contract of bailment. Evidence of custom was introduced by both sides to show when plates of this kind would be called for in the normal course of business by the publisher of a book. In the absence of other controlling factors, the applicable rule might well be that a printer of illustrations in defendant’s position would be a *558 bailee for hire until the expiration of a reasonable time following completion of the work, and custom might have been considered in determining what was a reasonable time. Appellant introduced expert evidence to the effect that in the case of printers of books one year was the customary maximum limit, whereas respondent offered evidence that printers of illustrations retain plates such as these indefinitely as part of their business relationship to the publisher, in view of the advantage afforded to the printer in obtaining further business in the preparation of subsequent editions. One witness stated that twenty-seven years was not an unusual length of time for the retention of such items of property.
The contention is made by respondent that custom to retain such plates perpetually entered into the terms of the agreement, and that appellant should therefore be regarded as having agreed to become a bailee for hire forever. Such a conclusion is unwarranted. Assuming that a custom were established to retain such plates indefinitely, the greatest effect which it could have would be that appellant would become a bailee for hire until either party elected to terminate that relationship. That is the usual rule where the term of an agreement is indefinite (Graves v. Kaltenbach & Stephens, 237 N. Y. 546; Jugla v. Trouttet, 120 N. Y. 21; Sibbald v. Bethlehem Iron Co., 83 N. Y. 378), which has been applied to bailments (Orser v. Storms, 9 Cow. 687; Karp v. Perry, 164 N. Y. S. 685).
In this case, when appellant billed respondent for this work, it gave written notice in red ink on the invoice that all plates were held in stock at owner’s risk. This was in line with a similar warning printed on the estimate which had been supplied by defendant prior to undertaking the work. Such a communication was notice that respondent was required to come and get its plates, and that, if it failed to do so within a reasonable time, appellant would no longer be responsible for taking care of them.
Respondent had a reasonable time in which to call for the plates after receiving this invoice, but different factors determine such a period from those determining what would have been a “ reasonable ” time after the lapse of which appellant would have been transformed into a gratuitous bailee, if ever, in the absence of any notice to come and get the goods such as was contained in defendant’s invoice. Manifestly, three years after receiving the notice contained in the invoice was more than a reasonable time for that purpose as matter of law. *559 The complaint might be dismissed upon the theory that this personal property was lost in consequence of respondent’s abandonment or contributory negligence, as matter of law, under such decisions as Osborn v. Cline (263 N. Y. 434), and Acme Ribbon Mills v. City of New York (266 App. Div. 656), if the loss had been explained, as by fire, theft by outsiders, or, as in the Acme Ribbon case, accidental destruction by the city two years after condemnation. The Osborn case involved an automobile that had been left at a parking station, but which was recovered, after theft, abandoned in a ditch on a rural highway,- in damaged condition. In those cases the disappearance of the personal property was shown, as matter of law, to have been due to accident or misfortune, or to the acts of persons over whom the bailee had no control.
Here the testimony offered by appellant is that it has searched for the property but without being able to find it. The complaint can hardly be dismissed as matter of law, in view of the possibility that defendant may have appropriated these plates to its own use. However improbable that may be, the credibility of defendant’s employees, and the completeness and sufficiency of their explanation to show that the plates were not taken by defendant for its own purposes, is for the triers of the fact to resolve. Although a gratuitous bailee is held to but slight care, and is relieved from liability in event of loss due to the bailor’s contributory negligence, nevertheless even such -a bailee must account for his failure to produce the goods on demand to the extent of showing that he did not take them himself. That is the only question to be submitted to the jury. All that remained'was for defendant to establish to the satisfaction of the jury that it did not willfully misappropriate these plates. For that reason there must be a new trial instead of a dismissal of the complaint.
The determination of the Appellate Term and the judgment of the City Court should be reversed and a new trial granted, with costs to appellant to abide.the event.
Peck, P. J., Does and Shientag, JJ., concur; Glennon, J., dissents and votes to affirm.
Determination of the Appellate Term and judgment of the City Court reversed and a new trial ordered, with costs to the appellant to abide the event.