Samuel A. Spiegel, J.
This is an action to recover for damages sustained to a car owned by the plaintiff which he parked in a Kinney System garage in the Port Authority Building at 41st Street and Eighth Avenue, New York City, on May 11, 1963. The plaintiff returned seven hours later with his claim check and found that his car was missing. Defendant contends it is not liable and distinguishes this case from other bailments on the ground that the plaintiff locked his car, took his keys and therefore must prove negligence on the part of the defendant bailee before a recovery is possible, and that plaintiff has failed so to do. The garage has a thousand car stalls, three floors, and two elevators. There is no way of stopping a car going through the gate if it is stolen. Patrol guards do not check everyone going in and out of the garage for a claim check nor whether persons entering the garage are lawfully on the property nor whether they have a ear parked in said building. Said defendant feels that he is absolved from liability by a statement to that effect on the claim check given to the customer.
Plaintiff, on the other hand, contends that the defendant is a bailee for hire, to whom he turned over possession and custody of his car and was negligent in not exercising due care.
The car was stolen from the garage, found three days later, and required repairs in the amount sought herein. The failure of the defendant bailee to properly guard the garage against those who could enter unlawfully with evil intent, and the inability of said defendant to prevent cars from leaving the garage, if removed without authorization, constitute sufficient negligence in the maintenance and the operation of the garage to hold the defendant liable. (See Henderson v. Park Cent. Motors Serv., 138 Misc. 183 and Potomac Ins. Co. v. Donovan, 274 App. Div. 666.) In the latter case the court held that where *532 the situation is such that in the ordinary course of events the theft would not have occurred but for want of proper care on the part of the bailee, his failure to show that he had taken such precautions as ordinary prudence would dictate, constitutes negligence and liability. Further, the bailor, by paying a consideration for the parking of his car in the bailee’s premises, is entitled to such precaution and protection as would prevent or at least minimize the opportunity to steal his car by any strangers entering the garage, so inclined to do.
At present, any car can be driven away through the gate, by any stranger, without the bailee having any facilities to prevent it. Under the present system, the whole garage could be emptied by unlawful persons. Thus, even minimum protection, for which he pays a consideration to the defendant, is denied the bailor. Even parking on the street would give a car owner no less protection, where a passing public might act as a deterrent to any unlawful entry or stealing of his car. The defendant owed the duty to ascertain that people coming upon its premises had a claim check for a car, or were otherwise legally entitled to be on said premises. The testimony indicates the security patrol used by defendant, is inadequate and ineffective. Moreover, the defendant should have had bars or guardrails, or other means to prevent a car from being driven without authorization off the premises. The fact that the car was locked and that plaintiff took the key does not absolve the defendant of its responsibility as a bailee.
The defendant also attempts to absolve itself of liability for negligence by publishing a statement to that effect on a claim check. This is void. Section 89-b of the General Business Law specifically provides that no person may exempt himself from liability for damages resulting from the negligence of such persons, agents or employees in the conduct or maintenance of a parking lot and 'any agreements exempting such persons are invalid. To grant such exemption would be, in the court’s opinion, definitely against public policy.
The case of Nargi v. Parking Assoc. Corp. (36 Misc 2d 836, 837) is cited by the plaintiff in support of his position. In that case, as in the instant case, the defendant contended that “ because the car was locked and the key taken by plaintiff, there was no bailment and no responsibility; that the disclaimer of liability for loss or theft printed on the parking ticket bars recovery, because plaintiff admittedly read it before he parked his car; and that there is no presumption of negligence and plaintiff has failed to prove any.” The plaintiff prevailed in that case.
*533 The case of Rudolph v. Riverdale Mgt. (202 Misc. 586) cited by defendant has no application to the case at bar. The facts in that case are entirely different since the tenant was under a lease for a specific space, used his own keys, parked the car himself, delivered his automobile to no one, the bailee was aware that there was no supervisory control by the garage owner, and the lease controlled the relationship between the parties. The court in that case held that the relationship was that of lessor-lessee rather than bailor-bailee.
While the bailee is not an insurer, nevertheless the facts and circumstances of a particular case and the nature of the transaction will govern (Osborn v. Cline, 263 N. Y. 434; Galowitz v. Magner, 208 App. Div. 6). The case of Fidelity & Guar. Ins. Corp. v. Ballon (280 App. Div. 373) likewise does not apply to the case at bar since in that case there was a gratuitous bailment. Under the law of bailments, the burden of proof to establish negligence is on the bailor and remains with him throughout the trial. The plaintiff makes out a prima facie case by showing that the property was left in the possession of the bailee and was not returned (Claflin v. Meyer, 75 N. Y. 260; Stewart v. Stone, 127 N. Y. 500). The burden of going forward with the evidence then shifts to the bailee to show the circumstances of the loss in order to rebut the presumption of negligence which arises from a delivery and a failure to return. Therefore, the bailee must explain how he cared for the property and why he could not return it. This is done when the bailee can prove that the property was lost or destroyed without negligence, or want of such care as a prudent man under similar circumstances commonly would take with his own goods. In the case of gratuitous bailments, however, a bailee is liable only when chargeable with gross neglect.
In the case at bar the defendant has failed to show the exercise of due care and is responsible for the breach of the bailment contract by failing to return the property bailed. To justify a recovery in the case of a theft the plaintiff has the burden of showing that the loss arose from the negligence of the bailee (Castorina v. Rosen, 290 N. Y. 445). The case of Passero v. Diana Parking Station (123 N. Y. S. 2d 652) cited by the defendant does not apply since in that case the keys were left in the ignition, which is not the fact in the instant case. The case of Reisinger v. Pullman Co. (252 App. Div. 87, affd. 277 N. Y. 679) likewise is applicable to an entirely different situation than the one at bar. The Appellate Division in that case held that the evidence of the jury might have found that plaintiff was guilty of contributory negligence or that the defendant was not negli *534 gent. In the case at bar there was no question raised about contributory negligence.
In Arnold v. Kensington Plaza Garages (179 Misc. 697) the court said that the failure of a bailee to return the subject of the bailment when rightfully demanded establishes negligence presumptively. Proof that it was lost or damaged without the fault of the bailee rebuts this presumption (Reisinger v. Pullman Co., 252 App. Div. 87, supra; Honig v. Riley, 244 N. Y. 105; Galowitz v. Magner, 208 App. Div. 6, supra). Further, the court said that, if in fact the damage was occasioned by the negligence of the bailee, the disclaimer of liability contained in notices posted about the garage and printed on the monthly statements will not relieve the bailee of its liability. While ordinary loss by theft will constitute a good defense, it will not stand in the face of proof to the effect that the negligence of the bailee contributed to and made the theft possible (Corrao v. Dewey Garage Corp., 24 N. Y. S. 2d 592).
In the instant case the defendant bailee owed the duty of due care to the bailee which it failed to exercise. It was negligent in that it afforded too little, if any protection at all. It did not take proper or effective precautions for the fulfillment of its obligation to safeguard the bailor’s property against theft or the resultant damage. Inadequate protection and improper precautions render the defendant liable to the plaintiff in this case. Accordingly, judgment is awarded to the plaintiff in the sum of $522.80, with interest from May 11, 1963.