Per Curiam.

Plaintiff alleged a cause of action for breach of a contract of bailment. Whether a person simply hires a place to put his car or whether he has turned its possession over to the care and custody of another depends on the place and conditions of the transaction (Osborn v. Cline, 263 N. Y. 434, 437). The place and conditions of the instant transaction are undisputed and are set forth with sufficient specificity to warrant a determination as a matter of law. The manner of operation of defendant’s parking lot, the posted signs and the ticket plaintiff obtained defining the service sold, and the circumstance that plaintiff never surrendered possession or control of its vehicle to the defendant, establish that the plaintiff acquired a mere license or privilege to park its car. Defendant assumed no responsibility for .safekeeping such vehicle and is not responsible for its damage.
The order so far as appealed from should be reversed, with $10 costs, and defendant’s motion for summary judgment granted.
Concur — Hofstadter, J. P., Tilzer and Gold, JJ.
Order reversed, etc.