Louis I. Kaplan, J.
Plaintiff’s motion for summary judgment pursuant to CPLE 3212 is granted.
Plaintiff’s assignor during all of the times hereinafter mentioned was the owner of the vehicle, which is the subject of this lawsuit. On May 26, 1965, the vehicle was driven to John F. Kennedy International Airport, located in Queens, New York. The driver was one Mac Kaplan, the vice-president of plaintiff’s assignor. The vehicle was parked in Parking Lot Number 7 on May 26, 1965, which facility is managed and operated by the defendant herein under the terms of a lease from the Port of New York Authority. Plaintiff’s assignor complied with the requisites of parking the vehicle in the defendant’s parking lot.
Defendant sets forth that the lot in question is designated as a “ long term parking facility.” That a fee of $1 is charged for each 24 hours of parking in Lot Number 7. A wire type fence, six feet in height completely surrounds the parking facility, leaving but a single opening which acts as both the point of ingress and egress. An attendant is continually on duty at this point of ingress and egress. The attendant, upon a vehicle’s entering, issues a ticket containing three parts to the driver. The attendant writes the vehicle’s license plate number on one of the portions which is kept in his possession for check-out purposes. A second portion is attached in some fashion to the windshield wiper arm. The remaining portion is held by the driver of .the vehicle (or the party calling for the vehicle) and *437 surrendered at the time of exiting from the lot in question. The car is then driven by its operator to any vacant area. Parking Lot Number 7 is capable of holding 3,500 vehicles.
Defendant alludes to “ large printed signs ” which advise the customer to “ lock their cars ” and that the defendant “ would not assume responsibility for loss due to theft ”. The ticket itself bears a more complete limitation, as well as alluding to the fact that defendant merely intends to grant a ‘ ‘ license to park ’ ’.
Upon leaving, the driver of the vehicle must present his portion of the three-part ticket to the attendant on duty. The attendant then removes the portion of the ticket affixed to the wiper arm, and with the portion which is kept in his possession upon which the license number of the vehicle appears, makes the necessary comparisons and computes the fee due to the defendant at the time of exit.
If the customer does not have the portion of the original ticket given to him upon the vehicle’s entrance, there must (emphasis by court) be produced the vehicle’s registration and identification before the vehicle may be released. That portion of the ticket attached to the wiper arm merely sets forth the time and date of entry of the vehicle.
Plaintiff’s assignor returned to Parking Lot Number 7 on June 2, 1965 to claim his vehicle which he had parked there on May 26,1965. It was missing from the area whereat it had been parked and the defendant could not offer any explanation for its disappearance.
The defendant concedes that the vehicle in question was parked in its lot by the plaintiff’s assignor on the date claimed; that plaintiff’s assignor was given the required three-part ticket; that the vehicle was thereafter parked in one of the vacant spaces by plaintiff’s assignor; that the vehicle was properly locked and the keys removed. Defendant further concedes that when the plaintiff’s assignor returned a few days after parking his vehicle in defendant’s lot, the vehicle was missing, and that this defendant could not account for its disappearance.
The defendant urges that a trial is required to pass upon the question of whether plaintiff’s assignor merely hired a place to store his vehicle, or whether the vehicle’s possession was turned over to the defendant’s care.
The manner of operation of the defendant’s parking lot, known as Lot Number 7, shows that more than a mere license to park was created.
The case of Greene Steel & Wire Co. v. Meyers Bros. Operations (44 Misc 2d 646 [App. Term, 1st Dept.]) is clearly dis *438 tinguishable from the facts of the instant action. In the Greene case, the ticket was dispensed by a machine, both the ticket and a sign at the entrance stated that only a license was granted and no bailment was created. The action involved damage to a vehicle while it was parked. No control or possession of the vehicle was ever shown.
In the instant action the plaintiff’s assignor parked his car in a lot for a daily rate, which lot was fenced and had an attendant on duty at all times.
A careful examination of the procedures presented by the defendant concerning the operation of Parking Lot Number 7 indicates that more than a mere license was granted. The use of a three-part ticket; a full-time attendant on duty at the single point of ingress or egress; the obtaining of the license number on each ticket issued; the mandatory requirement for the return of the customer’s portion of the ticket; the requirements of mandatory proof of ownership and identification if the customer’s portion of the ticket is not returned; the six-foot wire enclosure and the providing of spaces for 3,500 vehicles for a fixed daily rate all negate the theory of a mere license.
The fact that a vehicle entering Parking Lot Number 7 is operated by the customer, parked, locked and the keys removed does not change the fact that custody and possession are tuined over to the defendant (cf. Nargi v. Parking Assoc. Corp., 36 Misc 2d 836; Sherber v. Kinney Systems, 42 Misc 2d 530). It appears that such procedure whereby the customer actually performs the task of parking and locking accrues to the benefit of .the lot operator, as it eliminates the need for additional employees.
Under the facts of the instant action, plaintiff’s assignor parked his car for an agreed fee in a lot that was fenced and attended.
The facts set forth herein indicate that a bailment for hire was intended. It was not changed into a mere license by the fact that plaintiff’s assignor parked, locked and took the keys from the vehicle, nor by the legend on the ticket or the sign. The defendant’s procedure indicates that it exercised custody and control over the parking lot in question and the vehicles therein. It required a customer upon leaving to present the third portion of the ticket, or in its absence, proof of ownership and identification, before it released the vehicle from its custody and control. These mandatory procedures and the right of refusal evidence defendant’s custody and control of the vehicle.
The legends appearing upon the ticket and sign attempting to absolve this defendant from liability are void and against *439 public policy. Section 5-325 of the General Obligations Law (formerly section 89-b of the General Business Law) provides that: “ Ño person who conducts or maintains for hire or other consideration a * * * parking lot * * * may exempt himself from liability for damages for injury to person or property resulting from the negligence of such person, his agents or employees * * * in its [plaintiff’s assignor’s vehicle] * * * parking * * * or in the conduct or maintenance of such * * * parking lot * * * and any agreement so exempting such person shall be void.” (Emphasis added.)
This statute is intended to bind all. parties including those operated at facilities of the bi-State Port of New York Authority (Nargi v. Parking Assoc. Corp., 36 Misc 2d 836).
The plaintiff herein has in its moving papers made out a prima facie case. It has shown the delivery of the vehicle to the bailee, that the bailee had it in its possession and control, and that the vehicle was not returned upon demand (Claflin v. Meyer, 75 N. Y. 260; Stewart v. Stone, 127 N. Y. 500). The burden is cast upon the defendant to come forward to show the circumstances of the loss. The defendant, a bailee for hire, must either demonstrate that the property was lost or destroyed without negligence; or that it exercised such care as a prudent person would have taken under similar circumstances to escape liability for the failure to return the property.
The affidavits submitted in opposition are not ones which are based upon the personal knowledge of the affiants (CPLB 3212, subd. [b]; Di Sabato v. Soffes, 9 A D 2d 297). The burden is upon the defendant herein to come forth with its assembled proofs so the court can determine if triable issues exist. The defendant herein has at best shown what the over-all procedure should have been. There is a failure to supply any statement which is based upon actual knowledge as to what procedures were followed at Parking Lot Number 7 between May 26, 1965 and June 2, 1965, which are the procedures germane to this lawsuit. There are no triable issues presented herein, except for the question of damages.
This matter is placed upon the appropriate calendar of this court for assessment of damages on January 30, 1968. The Clerk shall then enter judgment in favor of the plaintiff and against the defendant in the amount found upon the assessment.