Joseph P. Sullivan, J.
Plaintiff sues to recover for damages to Ms 1970 Cadillac convertible wMch took place wMle said automobile was parked at defendant’s garage.
*721 On the morning of this incident, plaintiff drove his automobile into defendant’s garage and paid the $3 minimum charge, receiving therefor a claim check. He then drove to the fifth floor of the seven-story garage and parked the car in a stall in an area to which he was directed. Plaintiff locked his car and took the keys with him as he proceeded to his place of employment.
That evening on his return to the garage, as plaintiff approached his car he observed that the top to his convertible was slashed and the side exterior of the car was scraped and scratched. There is no issue as to the amount of damage sustained as a result thereof.
Defendant in disclaiming responsibility for this loss takes the position that it owed plaintiff no duty of care towards his car. Defendant contends that there was no bailment here but rather a mere privilege to park. In support of this position defendant cites Osborn v. Cline (263 N. Y. 434) and one of its recent progeny, Greene Steel & Wire v. Meyers Bros. (44 Misc 2d 646). Of course, if a bailment did exist, then defendant as a bailee for hire is held to a standard of ordinary care (Stewart v. Stone, 127 N. Y. 500, 505).
The existence of a bailment turns on whether possession of the car was delivered, and this in the final analysis will depend on the intent — express or implied — of the parties to the transaction (Bunnell v. Stern, 122 N. Y. 539). Intent may be drawn from the circumstances of the case, i.e., the place, conditions and nature of the transaction (Galowitz v. Magner, 208 App. Div. 6; Osborn v. Cline, supra).
On this question, defendant makes much of the fact that the nature of its operation is such that, after parking his car plaintiff, as is the case with all its customers, took his keys with him. Offsetting this is the claim check which plaintiff received containing the following notation: “ No car delivered without this claim check. ’ ’ As the court sees it, this statement is an admission on defendant’s part to a possessory interest in plaintiff’s car-— with or without keys.
Defendant also relies upon a disclaimer of liability clause typed on the face of the claim check which, if applicable, would exempt defendant from liability for a loss such as this. There is no evidence, however, that plaintiff ever saw the clause, knew its character and purpose, and assented thereto. In such circumstances, he is not bound by the disclaimer (Healy v. New York Cent. & Hudson Riv. R. R. Co., 153 App. Div. 516, affd. 210 N. Y. 646).
There are other factors in the case of equal if not greater persuasion on this question whether a bailment existed. The *722 court is asked to accept as a fact of contemporary New York City life that, for a minimum charge of $3, a customer purchases only parking space. The fact that this was a housed garage, that attendants were on duty on the day in question walking through the building, and that defendant patrols the ramps by car all suggest that the parties intended and understood that it was more than a license to park which plaintiff was purchasing and defendant was selling. That plaintiff never relinquished his keys to defendant — a circumstance calculated not to accommodate plaintiff but to cut down on the manpower necessary to staff the garage — does not detract from the fact that plaintiff turned the possession of his car over to defendant for safekeeping.
While a bailee for hire is not an insurer of goods left with him (O’Rourke v. Bates, 73 Misc. 414, 415), he will be held for negligence in failing to provide sufficient attendants in his garage. It would seem that the presence of just one attendant on the floor where plaintiff parked his car would have prevented the act of malicious mischief which caused plaintiff’s damage. For the type of operation it maintained and the fee it charged, to provide less was an abdication of defendant’s responsibility to exercise reasonable care.
Judgment may be entered for the amount demanded in the complaint, with interest from April 3, 1970.