Frederic E. Hammer, J.
This action was commenced by the plaintiff’s subrogor to recover the value of an automobile which had been parked in Lot No. 3 of the defendant, located at the John F. Kennedy International Airport. The case appeared on the Trial Calendar, the parties waived a trial by jury, and agreed to submit the case to the court upon a stipulated state of facts.
On September 1,1965, plaintiff’s subrogor left his autonlobile in said lot, parked his car, locked it, and removed the keys. On his return, on September 3, 1965, he searched for his car; same was nowhere to be found. The car has not been located.
The stipulated facts in this case are similar to those contained in the case of Continental Ins. Co. v. Meyer Bros. Operations (56 Misc 2d 435).
The court is not influenced by the citations of defendant’s counsel standing for the proposition that these facts result in a license rather than a bailment as those terms are understood in law. The real question appears to be the degree of control that a defendant exercised over the subject property. That question should not be decided in a vacuum, and the court should and does take cognizance of the realities surrounding present day air travel at our modern airports such as Kennedy Airport. In this era of rapid transportation, and in particular, air travel in our economic structure, time is often considered a most precious commodity; persons travel from city to city, State to State, and country to country with as little loss of time as possible. It has become the custom for air travelers to drive their cars, out of necessity, to an airport, and leave them in parking places or lots for a fee during their sojourn, to await their return. The traveler has no alternative but to park his car legally and in the places prescribed at the airport. He is, in effect, a captive customer of those operating the parking lots at the airport terminals.
*650 The court under such circumstances and the facts herein will not countenance defendant’s shallow claim to avoid liability and claim that this is a mere license.
In this case, the lot in which the plaintiff’s subrogor parked his ear was a large one completely enclosed with a six- to seven-foot-high wire fence, with but a single means of ingress and egress., Upon entering this lot a parking ticket was delivered to him on which was indicated the date and time of arrival. To leave the parking lot, he is required to present such ticket to an attendant stationed at the exit and to pay the fixed charge for the amount of time the car was parked upon the lot. An attendant is present at this entrance and exit gate at all times, day and night. The plaintiff’s subrogor locked his car and took the key with him after so parking. That circumstance, in and of itself, would not absolve the defendant of its responsibility (Sherber v. Kinney Systems, 42 Misc 2d 530).
The court finds delivery of the vehicle under such compelling circumstances to the defendant constitutes a bailment, and that the defendant had it in its possession and control during the entire period of parking. The vehicle was not returned upon demand. The burden is, therefore, upon the defendant to come forward to show the circumstances of the loss. The defendant must demonstrate that the property was lost or destroyed without its negligence, or that it exercised such care as a prudent person would have taken under similar circumstances to escape liability for the failure to return the property. This, the defendant has failed to do.
The court finds that plaintiff is entitled to judgment in the sum of $3,200, with interest from September 3, 1965, the value of the car having been agreed upon by the parties.