Richard S. Lane, J.
Once again the question presented is whether parking a car for a fee creates a bailment. The facts are uncontroverted.
Plaintiff drove up to the entrance to Parking Lot No. 1 at the John P. Kennedy International Airport and took a ticket from a dispensing machine, thus causing the gate to open mechanically. The ticket bore defendant’s name and announced that it was a license to park, not a bailment, and disclaimed any liability for loss or damage. Once inside the lot, plaintiff parked in the first convenient empty location, locked the car and retained the key. "When plaintiff returned, the car was missing and a report was made to defendant’s employee stationed at the exit to the lot. This was the first and only contact had by plaintiff with anyone on behalf of defendant.
Lot No. 1 was completely fenced in except for the entrance guarded by a machine as hereinabove described and the exit where defendant had an employee stationed to collect the parking fee computed on the basis of the entry time punched on the entry ticket. Lot No. 1 was one of four similarly fenced contiguous lots enclosed within a peripheral drive. The capacity of the four lots was about 7,500 cars. An unmarked car was patrolling the four lots at all times.
The value of plaintiff’s missing car was $1,750.
Plaintiff must concede that she has made no showing of negligence on defendant’s part and is relying on the presumption of negligence arising from failure to redeliver the subject of the alleged bailment. Regretfully for plaintiff, however, the circumstances here are indistinguishable from Greene Steel & Wire Co. v. Meyers Bros. Operations (44 Misc 2d 646) where the Appellate Term, First Department, held that no bailment had been created. Relying heavily on Greene, the same result was reached in Wall v. Airport Parking Co. (88 Ill. App. 2d 108) (O’Hare International Airport). I am bound by that law, as Judge Hammer of the Queens Division of this court was not when he recently decided the other way in Liberty Mut. Ins. *810 Co. v. Meyers Bros. Operations, (64 Misc 2d 648) (Parking Lot No. 3 at JFK).
It has heen suggested to me that the Greene case (supra) can be distinguished because it involved damage to a parked car as contrasted with the missing and presumably stolen car here. I wish I could agree but I do not. The fact of theft, if properly shown, would be relevant not to the issue of whether a bailment had been created but rather to the issue of whether defendant had overcome the presumption of negligence, assuming a bailment ; see Sherber v. Kinney Systems (42 Misc 2d 530). In other words, a theft case is harder not easier for plaintiff.
There being no bailment and no showing of negligence, plaintiff has failed in her proof and there must be judgment for defendant.
I write further, however, to indicate the reasons for my disagreement with the Greene case (supra), and to invite review thereof.
Whether a bailment has been created or not depends on whether custody and control of the car has been delivered or surrendered to the parking lot operator, which in turn depends on the intentions and understanding of the parties as demonstrated by the place, conditions and nature of the transaction (Osborn v. Cline, 263 N. Y. 434). Clearly there is no such surrender where the parking lot operator is not present (Rudolph v. Riverdale Mgt., 202 Misc. 586; United States Fid. & Guar. Co. v. Luna Park Housing Corp., N. Y. L. J., Nov. 27, 1970, p. 19, col. 3). Even where the parking lot operator is present, the circumstances may negate his taking dominion over the car (Osborn v. Cline, supra). However, the facts that the parking lot operator does not participate in the parking, does not know exactly where the car is parked in his lot, and never obtains the keys, do not by themselves negate dominion (Continental Ins. Co. v. Meyers Bros. Operations, 56 Misc 2d 435 [long term parking area at JFK]; Sherber v. Kinney Systems, 42 Misc 2d 530 [Port Auth. Bus Term.]; Nargi v. Parking Assoc. Corp., 36 Misc 2d 836 [La Guardia]; see Ann. 7 ALR 3d 927 et. seq.).
The only difference between the Greene ease (supra) and the cases cited immediately above is that in the latter there was an attendant at the entrance handing out tickets instead of a machine. Is it then the inarticulated premise of the Greene case that no bailment has been created because the parking lot operator does not know at the time that the car has entered his lot? Is that enough to negate dominion over the car? I *811 answer in the negative. One can certainly exercise dominion without immediate knowledge thereof. The fact is that in the Greene case and the instant case, once the car has entered the lot, it may not be removed without the consent of the operator of the lot and compliance with his procedures.
It is true that the use of a machine instead of an attendant to hand out tickets adds a little spice to the situation. It creates the possibility that the person presenting himself at the exit may be driving a different car than the one in which he entered, or, indeed, if he is clever and of a more larcenous bent of mind, he may even have come in afoot. The use of the machine, however, is not dictated for the convenience of the customers. It is dictated rather by the desire to obtain the savings in manpower made possible by modern technology. It is a calculated risk the operator is taking. But just because it makes later theft easier does not affect the question of whether a bailment is created when a car enters the lot (Palazzo v. Katz Parking Systems, 64 Misc 2d 720).
The disclaimer of liability on the ticket is, of course, ineffective as against public policy by virtue of the mandate of section 5-325 of the General Obligations Law.
However, as hereinabove set forth, I feel compelled to follow the command of the Appellate Term, and defendant may have judgment dismissing plaintiff’s complaint, together with the costs and disbursements of this action.