Seymour Lakritx, J.
This nonjury case is before this court for trial. The parties, per stipulation, submitted an agreed *471 statement of facts, the contents of which are essentially as follows:
1. Plaintiff-subrogor was the owner of a 1966 Cadillac.
2. The plaintiff drove the motor vehicle into Parking Lot No. 1 at John F. Kennedy International Airport in Queens County.
3. On the dates involved Parking Lot No. 1 at John F. Kennedy Airport was operated by the defendant under an agreement with the Port of New York Authority.
4. On driving into the parking lot the plaintiff received from an automatic vending machine a ticket stamped with the date and the time of entry; that upon taking the ticket from the vending machine a gate opened permitting the automobile to enter the lot, and no employee of the defendant was present at the entrance gate.
5. The plaintiff selected her own parking space, locked the car and took the keys, and upon the return some days thereafter discovered the automobile missing from the parking lot, and due notification thereof was given to the police and the defendant.
6. That the only way out of the said parking lot is by exit through an area controlled by the defendant and/or his employees, servants or agents to whom the vending ticket is given, the amount owed computed, and payment made. That if the driver of the vehicle seeking exit cannot provide the vending ticket received upon entry, that the cashier or employee of the defendant would require proof of ownership of the vehicle.
7. That the defendant employs checkers whose duty it is to make a record of all ears left in the parking lot overnight for the purpose of determining the amount to be paid upon exiting from the lot, and in addition thereto the defendant employed other personnel to maintain the lot.
8. That the vending ticket dispensed from the machine contained the following language: “ This contract licenses the holder to park one automobile in this area at holder’s risk * * * only a license is granted hereby and no bailment is created.”
9. Neither party has any knowledge concerning the circumstances of the disappearance of this automobile from the parking lot.
10. The issue between the parties is whether a bailment was created by the above set of circumstances or merely a license to park a vehicle. A bailment is created when the bailor delivers personalty to the bailee and there is actual or constructive delivery and actual or constructive acceptance. A bailment does not necessarily and always, though generally, depend upon a contractual relation. It is the element of lawful possession, how *472 ever created, and the duty to account for the item as the property of another that creates the bailment, regardless of whether such possession is based on contract in the usual sense or not. (Foulke v. New York Cons. R. R. Co., 228 N. Y. 269, 275 ; 5 N. Y. Jur., Bailment, § 3 ; Charnov v. City of New York, 191 Misc. 486 ; 5 N. Y. Jur., Bailment, § 2.)
The defendant cannot unilaterally create a contract agreement with its customer nor can he create a license to park by the inscription on the ticket. This disclaimer is void. (General Obligations Law, § 5-325.) This statute is intended to bind all parties including those operating at facilities of the bi-State Port Authority. (Nargi v. Parking Assoc. Corp., 36 Misc 2d 836.)
The plaintiff-subrogor delivered the automobile to the defendant’s lot by driving same through an automatic machine-operated gate which dispensed a ticket. Said ticket was a receipt for the plaintiff’s vehicle and is evidence of lawful possession of said property by the defendant, borne out by the fact that the vehicle could not be removed from the parking lot without the presentation of a parking ticket, or in the absence thereof, the proof of ownership of the vehicle. If we can agree that the defendant cannot create a license by the terminology used on the ticket, then we now come to the next question of what excuse is offered for the disappearance of the automobile. All the defendant says is that he has no knowledge. It would seem to the court that the defendant has the duty of showing that he exercised ordinary care and that disappearance of the automobile occurred through no fault of the defendant.
The maintenance of an automatic ticket distributing machine operating entrance gates to a parking lot is a convenience and a saving to the defendant. Said machine constitutes a hazard to all who use such lots because of the easy manner in which tickets may be obtained therefrom, and then used to remove nonowned automobiles from this lot. Ordinarily loss by theft is usually a good defense provided that the defendant did not contribute thereto by the negligent operation of the place in which the bailed property was kept. However, it will not stand in the face of proof that the bailee was negligent and contributed to and made the theft possible. (Arnold v. Kensington Plaza Garage, 179 Misc. 697, 699.)
It is quite clear that one of several things occurred in this case which places the responsibility therefor upon the defendant. Either it becomes possible for persons with larceny in their hearts to obtain the machine-dispensed tickets improperly so that they can steal the car and remove it through the usual exit; or an unauthorized person can enter upon the fenced-in premises and *473 larcenously take a vehicle and proceed through the exit gate without showing proper ownership records, and without obtaining a ticket from the vending machine. Either of these theories indicates negligence in the operation of the parking lot by the defendant. In the case of Liberty Mut. Ins. Co. v. Meyers Bros. Operations (64 Misc 2d 648, 649) Judge Hammer of this court held: “ It has become the custom for air travelers to drive their cars, out of necessity, to an airport, and leave them in parking places or lots for a fee during their sojourn, to await their return. The traveler has no alternative but to park his car legally and in the places prescribed at the airport. He is, in effect, a captive customer of those operating the parking lots at the airport terminals.” (Emphasis supplied.)
The customer is entitled to rely on the protection ostensibly afforded by a parking lot which is fenced in. Especially when he is lulled into the belief that the only way his vehicle can be removed from that lot is upon presentation of the vending ticket given him from the machine or by showing proof of ownership. It is the opinion of this court that dominion and control is actually perfected when the customer cannot remove hi.s vehicle from the parking lot without the ticket or proof of ownership. Dominion is not altered or diminished by the fact that the parking lot operator does not park the car or does not know which stall in which it is parked. He is, in the absence of evidence to the contrary, responsible to the owner who presents his ticket and who then cannot be given his automobile. The court has noted with interest the decision of Judge Lane of this court in the case of Makower v. Kinney System (65 Misc 2d 808) in which based essentially upon the same facts, Judge Lane was .of a contrary opinion. In carefully reading Judge Lane’s decision, it is noted with interest that the gravamen of the decision rests upon the case of Greene Steel & Wire Co. v. Meyers Bros. Operations (44 Misc 2d 646) where the Appellate Term, First Department (emphasis .supplied), held that no bailment had been created. Judge Lane felt that he was bound by that appellate court decision even though in reading the balance of the decision, the Honorable Judge indicated that he had many reservations with regard thereto.
Based upon all the foregoing, the defendant has not, nor can he prove his freedom from negligence in the disappearance of plaintiff’s automobile, there having been a bailment created by the delivery of said automobile to the parking lot.
The court finds judgment for the plaintiff in the amount of $5,981 together with interest from September 5, 1966.