Akinde v Vernon Manor Coop Section 1 (2025 NY Slip Op 50477(U))

[*1]

Akinde v Vernon Manor Coop Section 1

2025 NY Slip Op 50477(U)

Decided on March 20, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 20, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., TIMOTHY S. DRISCOLL, JOSEPH R. CONWAY, JJ

2023-731 W C

Oludotun Akinde, Appellant,
against
Vernon Manor Coop Section 1, Respondent. 

Oludotun Akinde, appellant pro se.
Vernon Manor Coop Section 1, respondent pro se (no brief filed).

Appeal from a judgment of the City Court of Mount Vernon, Westchester County (Peter St. George Davis, J.), entered June 16, 2023. The judgment, after a nonjury trial, dismissed the action.

ORDERED that the judgment is reversed, without costs, and the matter is remitted to the City Court for a new trial before a different judge.
Plaintiff commenced this small claims action to recover for the theft of his car's catalytic converter while the car was parked in defendant's lot. At a nonjury trial, the City Court (Peter St. George Davis, J.) dismissed the action after hearing plaintiff's brief, unsworn description of his claim, reasoning that defendant could not be liable because it "did not cause an intervening third party to make a choice of engaging in criminal conduct to steal [plaintiff's] catalytic converter."
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UCCA 1807; see UCCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]).
Here, the City Court incorrectly concluded that the criminal conduct of a third party necessarily relieves defendant of liability for the damage to plaintiff's car. For example, if a parking arrangement rises to the level of a bailment, the defendant-bailee may be held liable in negligence for the theft or vandalism of the plaintiff-bailor's car by a third party (see 62 NY Jur 2d, Garages § 95; Osborn v Cline, 263 NY 434, 437-438 [1934]; Chubb & Son v Edelweiss, Inc., 258 AD2d 345, 345-346 [1999]; Ellish v Airport Parking Co. of Am., 42 AD2d 174, [*2]176-177 [1973], affd 34 NY2d 882 [1974]; Galowitz v Magner, 208 App Div 6, 9 [1924]). Moreover, plaintiff was not given an opportunity to properly present his case, as was his right pursuant to substantive law (see Memenza v Cole, 131 AD3d 1020, 1023 [2015]; Singh v Ramnandan, 83 Misc 3d 132[A], 2024 NY Slip Op 51163[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2024]; Stephens v Stephens, 63 Misc 3d 159[A], 2019 NY Slip Op 50876[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; Lambert v Ledwith, 55 Misc 3d 148[A], 2017 NY Slip Op 50718[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; Diederich v Del Prior, 18 Misc 3d 132[A], 2008 NY Slip Op 50084[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008]). Under the circumstances presented, the matter should be remitted to the City Court for a new trial before a different judge.
Accordingly, the judgment is reversed and the matter is remitted to the City Court for a new trial before a different judge.
GARGUILO, P.J., DRISCOLL and CONWAY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 20, 2025