Perdomo v 1430 Inwood Ave. Garage (2025 NY Slip Op 51429(U))

[*1]

Perdomo v 1430 Inwood Ave. Garage

2025 NY Slip Op 51429(U)

Decided on September 15, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 15, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, James, JJ.

570472/25

Jessenia Perdomo, Plaintiff-Appellant,
against
1430 Inwood Avenue Garage, Defendant-Respondent.

Plaintiff appeals from a judgment of the Small Claims Part of the Civil Court of the City of New York, Bronx County (Jessica I. Bourbon, J.), entered May 22, 2024, after trial, in favor of defendant dismissing the action.

Per Curiam.
Judgment (Jessica I. Bourbon, J.), entered May 22, 2024, reversed, without costs, and a new trial ordered.
Plaintiff instituted this small claims action to recover $2,500 for property damage sustained to the bumper of her vehicle while it was parked in defendant's garage. At trial, plaintiff testified that, as a monthly customer, she left the car in front of the garage and handed the key to the attendant, who parked the car for her. When plaintiff needed her car, she would call the garage and the attendant would "take it out again" and bring it to the exit. Following a trial in which the Civil Court found plaintiff to be "overall credible," the action was dismissed.
The dismissal of the action, upon a finding that plaintiff failed to establish by a preponderance of the evidence that defendant caused damage to her automobile, did not achieve substantial justice between the parties consistent with substantive law principles (see CCA 1804, 1807). The court should have considered the central issue of whether the parking transaction constituted a bailment (see Chubb & Son v Edelweiss, Inc.,258 AD2d 345[1999]; Akinde v Vernon Manor Coop Section 1, 85 Misc 3d 134[A], 2025 NY Slip Op 50477[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2025]), thereby creating a presumption of negligence and shifting the burden to the garage to show that it was not negligent (see Hoffman v M & C Getty, Inc., 29 Misc 3d 137[A], 2010 NY Slip Op 52024[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2010]). Since the court did not make any findings on this issue, we deem it appropriate to
remand for a new trial.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 15, 2025